OF THE STATE OF ARKANSAS. 569

Term, 1867.]          Wade vs. Bridges, ad. ad litem

## WADE VS. BRIDGES AD. AD LITEM.

According to the forms and rules of pleading a plea in abatement is defective, which does not pray for a particular and proper judgment; and in such case the court will not give the proper judgment on the whole record as on pleas in bar, (18 *Ark.*, 359.)

A plea which sets up a defective defence, or a defence defectively stated, must be met by demurrer, not by motion to strike out. (6 *Ark.*, 196; 16 *id*, 669.)

It is error to adjudicate and render judgment in favor of a plea to which there is no issue.

The 10th section, chap. 1 *Gould's Digest*, authorizing the appointment, by the courts, of *administrators ad litem*, is not in violation of the constitution.

### *Error to Dallas Circuit Court.*

Hon. LIBERTY BARTLETT, Circuit Judge.

WARKINS & ROSE for plaintiff in error.

This court should give such judgment, upon the whole record, as the court below ought to have given. *Digest, title Practice in Supreme Court*, sec. 37.

The plea in form was a plea in bar, but the matter set up was only pleadable in abatement, and the motion to strike out the plea ought to have been sustained. *Mandel vs. Peet, Sims & Co.* 18 *Ark.*, 236; *Lounds, Orgill & Co.*, vs. *Brown et al.*, 22 *Ark.*, 359; *Edmondson vs. Carnall*, 17 *Ark.*, 285.

The plea was sustained, costs adjudged against the plaintiff and the attachment dissolved—all done without any issue upon the plea or trial of it. And the plea was frivolous—the alleged defect in the affidavit being so obviously a mere clerical misprision, that it should be considered as amended. *Mitchell vs. Conley* 13 *Ark.*, 420.

The plea was interposed by a party called Administrator *ad litem*. It is submitted the act of January 10th, 1851, authorizing any court to appoint a special administrator, is unconstitu-

tional, because in parceling out jurisdiction, that relating to estates of deceased persons is confided to courts of probate. The administration law was designed to be a complete harmonious system. *Barrassien vs. Odum*, 17 *Ark.*, 122; *Walker vs. Byers*, 14 *Ark.*, 247; *Bennett vs. Dawson*, 18 *Ark.*, 334; *Homer vs. Hanks*, 22 *Ark.*, 573; *Brown vs. Merrick*, 16 *Ark.*, 612.

Without qualification, without bond or security, without letters, without accountability, with all powers for harm, and none for good, a special administrator, if his acts are binding on the estate he assumes to represent, is a monstrosity, in view of the administration system, and the act in question ought to be strictly construed. On principle, the plea, to be sufficiently certain, ought to have alleged that there was no administration on the estate; and if the act is to be sustained, it should be construed in *pari materia* with the general administration law, and the special administrator required to make affidavit and give bond, as in all other cases, before he could act in a representative capacity, so as to bind the estate.

Mr. Justice CLENDENIN delivered the opinion of the court.

This was a proceeding by attachment in the circuit court of Dallas county, by petition, against Miller W. McCraw. The petition, writ and return, as well as the bond and affidavit are copied in the transcript.

At the March term, 1866, there being no personal service upon the defendant, an order of publication was made, and at the September term, 1866, the following order appears: " came said Wade by attorney, and suggests and shows to the court that said McCraw has departed this life;" and on another day of the term after is the following order, " came the plaintiff by attorney, and on his motion it is ordered that William U. Bridges be appointed administrator ad litem in this case."

The administrator ad litem appeared and filed the following plea:

" And the said defendant comes and defends the wrong and

injury, and says that the affidavit filed herein is insufficient in this, that said affidavit says 'remove his goods and effects of this state,' whereas it should have stated, 'remove his goods and effects out of this state,' and this he is ready to verify, wherefore he prays judgment," annexed to which is an affidavit in good form.

The plaintiff moved to strike out this plea, which motion was overruled, and judgment for cost of motion entered. The record then states the following : "Said plea in abatement is submitted on argument of counsel and by the court sustained," and judgment for costs on said plea is given, " and that the attachment in this case be dissolved." To which the plaintiff excepted.

The defendant then entered his appearance, but making no other defence, final judgment was rendered for the plaintiff and he sued out his writ of error; and we have thus before us the record.

The plaintiff assigns for error :

1st. That the court refused to strike out the plea in abatement.

2d. That the court erred in sustaining the said plea in abatement.

·3d. The court erred in dissolving the attachment.

And the counsel of the plaintiff in their argument submit to us, and question the constitutionality of the law of this state, authorizing the circuit courts to appoint administrators *ad litem.*

We have had some difficulty at arriving at the conclusion, whether this plea is a plea in bar or in abatement. It has some of the requisites of both. As a plea in abatement, (for which we suppose it was intended,) according to the forms and rules of pleading, it is defective, both in its commencement and conclusion. It does not pray for any particular judgment, and without the defendant prays a particular and proper judgment in abatement, the court are not bound to give the proper judgment upon the whole record, as they would be in pleas in bar. 18 *Ark.*, 359; 10 *East*, 87.

This, then, being a defective plea could it be reached by the

motion to strike out? We think not. This court has heretofore held that a plea which merely sets up a defective defence, or a defence defectively stated, should be met by demurrer. *Wilson & Turner vs. Shannon and wife*, 6 *Ark.*, 196 ; *Alexander vs. Foster*, 16 *Ark.*, 669 ; *Allis vs. Bender*, 14 *Ark.*, 627. And therefore the circuit court did not err in overruling the plaintiff's motion to strike it out.

But we think that the court erred in sustaining the plea: There is no record showing that there was any issue to the plea for the court to determine, (even if the court could try an issue made upon a defective plea,) the record only stating that said plea in abatement is " submitted to the court on argument of counsel and by the court sustained."

As this case will be again before the circuit court, it is necessary for us to notice, and dispose of the question raised by the counsel, as to the constitutionality of the law authorizing the appointment of administrators *ad litem*.

The 12th section of the 7th article of the constitution of this state prescribes that, " the qualified voters of each county shall elect a county and probate judge, who shall hold his office for two years, and until his successor is elected and qualified. He shall, in addition to the duties that may be required of him by law, as a presiding judge of the county court be a judge of the court of probate, and have such jurisdiction in matters relating to the estates of deceased persons, executors, administrators and guardians, as may be prescribed by law, until otherwise ordered by the general assembly."

The section of the law deemed objectionable to this provision of the constitution is as follows : "In all cases where suits may be instituted, and either plaintiff or defendant may die pending the same, it shall be lawful for the court, before which suit or suits may be pending, on motion of any party interested, to appoint a special administrator, in whose name the cause shall be revived, and said suit or suits shall progress in all respects in his name

with like effect, as if the plaintiff or defendant, (as the case may be,) had remained in full life." *Sec.* 10, *ch.* 1, *Digest.*

It will be seen by the the provision of the constitution that the probate court have the exclusive jurisdiction in all matters connected with administrations, until otherwise directed by the general assembly; and that by the section of the law, the general assembly, in January, 1851, provided for the appointment of administrators *ad litem*.

While we recognize the law heretofore decided by this court, that the administration laws of this state are, and are to be considered as a consistent and harmonious whole, we do not think that the section of the law under consideration is liable to the objection of marring that harmony and consistency. It is no part of the administration law, nor do we suppose the legislature so intended it to be. It was enacted after the administration laws were in force, and neither to cure their defects, nor impair their efficiency, but for the purpose of aiding parties litigating causes in the circuit courts, in their early and speedy adjudication. It was not intended that the person so appointed, should have any of the ordinary powers of a regular administrator. He is in court alone for the purpose of prosecuting or defending the particular suit, in which he is appointed; he is not liable for costs, and upon the appointment of a general administrator, or the rendering of the final judgment his duties and powers cease. *Secs.* 10, 12, *ch.* 1, *Digest.* The appointment of guardians *ad litem* may be said to be liable to the same objection, as that made to administrators *ad litem*, because minors are peculiarly the objects of jurisdiction and care of the probate courts. Yet we know that it is the constant practice, justified by the law as we believe, and we are not aware that objection is ever made to such appointments; and the courts always recognize the proceeding as valid.

With the policy of the law we have nothing to do; we can only construe it in connection with the constitution, and if in our view it is not in conflict with the constitution, it is our duty to carry out the expressed will of the legislature.

From the view we have thus taken of the section under consideration, we do not think it is in conflict with the constitutional provision before referred to.

But for the error before referred to this case must be reversed, and remanded to the circuit court with direction to that court to permit the parties to amend their pleadings if they wish to do so, and otherwise to proceed according to law and this opinion.

Mr. Justice COMPTON did not sit in this case.