## KNIGHT VS. SHARP.

Where the defendant charged the plaintiff with having "sworn a lie," these words are not actionable in themselves, and do not, *per se*, impute a charge of perjury.

To make them actionable it is necessary to state in the introductory part of the declaration, the special circumstances in reference to which they were spoken, and in connection with which they impute the crime of perjury.

In framing a second or subsequent count in slander, for the same cause of action, unnecessary repetition of the same matter should be avoided; and it is sufficient to refer concisely to the inducement in the first count. But unless such second or subsequent count expressly refers to the first count, no defect therein will be aided by the precedent count.

A distinct cause of action in this case, consists not alone in the words spoken; but it is also necessary to connect them with some judicial or other legal proceeding, in which a valid oath was administered to the plaintiff; which, if false, would subject him to punishment for perjury.

Where the declaration alleges that the defendant said, "he" (meaning the plaintiff,) "swore a lie in that case," (meaning the said trial at law, and meaning that the said plaintiff had been and was guilty of perjury in giving false evidence upon his oath in said trial at law, before said justice of the peace,) this is no averment that there was a trial had before a justice of the peace, or that the plaintiff had been sworn as a witness on such trial.

It is not the office of an innuendo to supply the place of an averment: but it is simply explanatory of an averment previously made.

The defects in the count in this case, being in the cause of action, and not in the manner of stating it, are not cured by verdict.

But where the defendant filed a special plea of justification, in which he sets forth all the material facts omitted in the declaration, and issue was made up, the defects in the declaration were supplied, and verdict for the plaintiff will not be set aside.

Where the evidence is not brought to the knowledge of this court, the court will presume in favor of the verdict, that there was testimony to authorize it.

In such case every presumption is to be indulged in favor of the decision of the circuit court, and of its instructions to the jury.

### *Appeal from Cross Circuit Court.*

Hon. JAMES M. HANKS, Circuit Judge.

PIKE & ADAMS, and ALBERT PIKE & SON, for plaintiff in error.

The plaintiff insists that there is error in the proceedings and judgment in this cause, in these:

1st. That the third count in the declaration upon which the verdict was rendered, is not sufficient to support the verdict, as it is manifest from that count that it was intended to urge that the slanderous words charged, if spoken at all, were spoken with reference to some judicial proceeding; yet that proceeding is not set forth in the count, nor is it therein stated that the case was before any court, or judicial officer having jurisdiction of the case spoken of, or that the defendant in error was sworn as a witness in the case, or that he testified, or that his testimony was material to the issue; and as to these, it is not helped by any former count, there being therein no proper reference to such, unless it shall be holden that the words, in said third count, "in the trial at law aforesaid" and "before said justice of the peace," do help it.

2d. That the instructions given by the court, in said cause for the plaintiff, no matter what may have been the testimony, were calculated to mislead the jury; and especially the first and seventh instructions, which, as applicable to said third count, are positively in contravention of the law, the words as laid in said third count, not being actionable *per se.*

The innuendoes in a declaration in slander should be warranted by the *previous* allegations. *Stucker vs. Davis*, 8 *Bl'ckfd.*, 414.

The words " she swore falsely," do not of themselves impute a charge of perjury. The words, in order to make them actionable, must be *averred* to have been spoken with reference to a judicial oath, and to have been meant as a charge of perjury; and the colloquium which sets forth the oath to which the conversation relates, must be proved before the plaintiff can show a right to recover. *Burger vs. Barger*, 18 *Penn. State R.*, (6 *Harris*) 489. How can it be proved, if not averred? See also *Robertson vs. Lea*, 1 *Stew.*, 141; *Piner vs. Miller*, 2 *McCord*, 220; *Stafford vs. Green*, 1 *J. R.*. 505; *Ward vs, Clark*, 2 *J. R.*, 10; *Packer vs. Spangler*, 2 *Binn.*, 60; *Sheeley vs. Biggs*, 2 *H. & J.*, 363; *Martin vs. Milton*, 4 *Bibb*, 99; *Bliss vs. Toby*, 2 *Pick.*, 320; *Carter vs. Andrews*, 16 *Pick.*, 1; *Hopkins vs. Beadle*, 1 *Cains R.*, 348 and note a; *Phinde vs. Vaughn*, 12 *Barbour*, 216; *Edgerly vs. Swan.* 32 *N. H.*, 478; *Holton vs. Muzzy*, 30 *Vermont*, (1 *Shaw*) 365; *Cumonius vs. Butler*, 3 *Blackford*, 190; and see *McGough vs. Rhodes*, 7 *Eng.*, 629.

If the words themselves are set out, and are only actionable by relation to some extrinsic matter, or fact, it is *necessary* to state that fact by way of inducement, and then aver distinctly, that the discourse was of and concerning *that fact. Foule vs. Robins*, 16 *Mass.*, 487; *Bliss vs. Toby*, 2 *Pick.*, 320; *Carter vs. Anderson*, 16 *Pick.*, 1; *Commonwealth vs. Snelling*, 15 *Pick.*, 321. Nor will the want of such averment be aided by verdict. 16 *Pick.*, 1.

The count should have averred that the justice had jurisdiction of the case, yet neither the third nor any other count in the declaration does this, or that the testimony given, if any, was material to the issue, both these facts being necessary parts of perjury, without either, no perjury could have been committed. Perjury cannot be committed in a case of which the court had not jurisdiction. *State vs. Alexander*, 4 *Hawks*, 182; *State vs. Hayward*, 1 *N. & M.*, 546; *State vs. McCaoskey*, 3 *McCord*, 308; *State vs. Hyatt*, 2 *Hayw.*, 56; *State vs. White*, 8 *Pick.*, 453. Nor can

perjury be assigned upon an extra-judicial oath. *Pegram vs. Stysor*, 1 *Bailey*, 595; *The State vs. Furlong*, 13 *Shepley*, (26 *Maine*) 69; *Miner vs. The State*, 8 *Black'fd.*, 154; *Ward vs. Clark*, 2 *J. R.*, 10; *Jones vs. Moses*, 11 *Humph.*, 608; *Sanford vs. Gaddis*, ·13 *Ill.*, 320; *Gibbs vs. Tucker*, 2 *A. K. Marsh.*, 219; *Vaughn vs. Havens*, 8 *J. R.*, 109; *Watson vs. Hampton*, 21 *Bibb*, 319; *Shaffer vs. Kitzen*, 11 *Binn.*, 537. The statements that the trial " was taken and had in due form of law," and that the justice then and there had sufficient and competent power and authority to administer the oath, do not show that the justice had jurisdiction of the case.

Where a declaration for slander contains several counts, each setting forth distinct and separate slander, each count must be perfect in itself, and the omission of a material statement in one count cannot be supplied by reference therein to another. *Holten vs. Muzzy*, 30 *Vermont*, (*Shaw*,) 365.

As before stated, the general tendency of the instructions given by the court was, to mislead the jury, assuming as they do, material and necessary facts, which are not averred, and could not have been proven, without permitting an error equally grave; and which, as there was no motion for new trial upon the ground of the admission of improper testimony, it is fair to presume were in fact not proven.

It will at once be perceived that the instructions of the court, especially the first and seventh, directly tend to exclude from the consideration of the jury, qualifying expressions used by the defendant in connection with the words charged, and

*Actionable* words, used with qualifying expressions, so as not to impute a charge of felony, will not support an action for slander. *Shecut vs. McDonnel, Const. Reps.*, 25.

Instructions calculated to mislead, or that do not present the case fairly in all respects should not be given. *Relf vs. Rapp*, 3 *Watts & Serg.*, 21; *Baxter vs. The People*, 3 *Gilman*, 368; 6 *Watts & Serg.*. 132; *Reed vs. Graham*, 7 *Mon.*, 558; *Hickman*

*vs. Griffin*, 6 *Miss.*, 37; *Brown vs. Clark*, 14 *Penn.*, (2 *Harris*,) 469; *Virginia R. R. Co., vs. Sanger*, 15 *Gratt.*, 230.

If a fact material to the plaintiff's right of action is neither *expressly* stated, nor *necessarily* implied from facts which are stated, a verdict will not cure the defect, and judgment will be arrested. *Welch vs. Bryan*, 28 *Miss.*, (7 *Jones*) 30; see also 16 *Pick.*, 1.

WATKINS & ROSE for defendant.

There was no motion for a new trial in this case, only a motion in arrest of judgment. Under motion to arrest no questions can be raised here on the instructions to jury. *Stephens on Pl.*, 94—97; 2 *N. & M.*, 312.

By electing to rely alone on motion in arrest, the plaintiff in error abandoned any exceptions which might have been properly made the ground for a motion for a new trial. The motion for arrest may have contained matter which would have been good on motion for a new trial, but if it was not good in arrest the court did not err in overruling the motion. If otherwise, there is no use in any case for a motion for a new trial, and a motion in arrest will cover every conceivable ground of error. 12 *Vermt.* 619; *R. M. Charlt.*, 518, (1 *Ga.*;) 4 *Leigh*, 672; *id.* 679; 2 *Scam.* 511.

If there was any defect in the declaration it should have been met by demurrer. 2 *Ark.*, 513; 5 *id.*, 73.

All exceptions not incorporated in a motion for new trial are waived. 4 *Ark.*, 87; 20 *id.*, 36; 22 *id.*, 19.

By motion in arrest it is admitted that there is a verdict to which no objection can be made. *Philpot vs. Page*, 4 *Barn. & Cres.*, 160.

Judgment will not be arrested in an action of slander when there is a general verdict for the plaintiff and entire damages, because some of the counts are insufficient. 1 *Root*, 433.

Under our statute of jeofails the judgment cannot be stayed or arrested because the declaration omitted "*any* allegation or aver-

ment," without which the jury ought not to have given a verdict. *Gould's Digest*, ch. 133, *sec.* 19.

The bill of exceptions in this case does not set out the evidence or any part of it, nor the instructions given on the part of the defendant, nor on the motion of the court. If this case were here for error in overruling a motion for a new trial, doubtless the court would presume every thing in favor of the court below and affirm. *Bach vs. Cook*, 21 *Ark.*, 571; 8 *Ark.*, 430; 12 *id.* 638; 17 *id.*, 530.

The 3d count was good, even on demurrer, under *sec.* 2, *chap.* 161, *Dig.* The reasoning of the chief justice in *McGough vs. Rhodes*, 7 *Eng.*, 629, merely means a judicial repeal of a very plain legislative act.

The following authorities are referred to as to the sufficiency of the declaration : 3 *Wend.*, 205; 4 *Stew.*, & *P.*, 224; 13 *Johns.*, 48; 2 *Eng.*, 125.

The words charged were actionable, *Dig.*, *chap.* 161; 3 *Harrington*, 77; 5 *Johns.*, 188; 3 *Hill*, 572; 1 *Humph.*, 506.

A declaration in slander is good which sets out the substance of the words spoken merely. 17 *Pick.*, 369; *id.*, 269; 21 *Pick.*, 51; 1 *Port.*, 377; 8 *Mass.*, 122; 2 *McCord*, 305; 1 *Binn.*, 393.

The objections raised to the declaration in this case come too late after verdict. 19 *Wend.*, 296; 4 *Iredell*, 461; 2 *Blackford*, 241; 1 *Doug.*, 67; 2 *Humph.*, 434; 8 *Missouri*, 512.

The instructions on the part of plaintiff below were properly given. See 13 *Verm.*, 42; 14, *id.*, 462; 1 *Mis.* 197; 7 *Black.*, 83; 15 *Mass.*, 48; 3 *Dana*, 138; 4 *Scam.*, 30; 8 *Humph.*, 34; 1 *Pick.*, 1; 15 *Mass.*, 48; 2 *S. & R.*, 469; 3 *Mass.*, 546; 18 *Conn.*, 464; 2 *Greenl. on Ev.*, 426; 7 *Eng.*, 627; 3 *Barb. Sup. Ct. R.*, 599; 3 *Wend.*, 205; 4 *Stew. & Port.*, 224; 13 *Pick.*, 364; 13 *Wend.*, 9; 1 *Blackf.* 330; 4 *Port.*, 17; 8 *Port.*, 486; 12 *Ark.*, 629; 7 *B. Mon.*, 475; 7 *Ark.*, 12.

If the words in the case at bar are not actionable *per se*, according to the decision in *Sanderson vs. Hubbard*, 14 *Verm.*, 462, the declaration should have contained the averments that false

swearing was in a judicial proceeding, etc. But if the defendant justify and in his plea allege (as was done in this case) that the plaintiff was examined on oath, and in his testimony did knowingly and corruptly swear falsely, and a verdict pass for the plaintiff, the want of an innuendo and an averment that the plaintiff was sworn, is thereby cured and judgment will not be arrested. *Sanderson vs. Hubbard*, 14 *Verm.*, 462; see also *Wood vs. Scott*, 13 *ib.*, 42.

Mr. Chief Justice WALKER delivered the opinion of the court.

Sharp, the defendant in error, brought his action of slander in the Cross circuit court. The defendant in the court below, the plaintiff in error, appeared and filed a plea of not guilty, and a special plea of justification; upon which issues were taken and the cause submitted to a jury, who having heard the evidence and instructions of the court rendered a verdict in favor of the plaintiff below, upon the 3d count in the declaration, and for the defendant upon the other counts, upon which final judgment was rendered in favor of the plaintiff for the sum of $1,500, the damages assessed by the jury.

The defendant filed his motion in arrest of judgment, which was by the court overruled, and has brought the case into this court by writ of error.

Two distinct grounds of error are presented:

First—That the circuit court erred in the instructions given to the jury.

Second—That the third count, upon which the judgment was rendered, is fatally defective.

The most important question to be determined is as to the sufficiency of the 3d count in the declaration. The plaintiff was charged with having "sworn a lie." These words are not actionable *per se*, and do not in themselves import a charge of perjury; and when such is the case, it is necessary to state in the introductory part of the declaration the special circumstances in reference to which the slanderous words were spoken, and in

connection with which they impute the crime of perjury. 1 *Starkie on Slander*, *page* 391. This the pleader attempted to do, in the first count of the declaration in this case, but whether sufficiently or not, from the view which we take of the 3d count, it is not necessary for us to determine.

In the 3d count no attempt was made to set out the circumstances in reference to which the slanderous words were spoken; nor indeed is it usual to do so. Mr. *Chitty* says: "In framing a second or subsequent count for the same cause of action, unnecessary repetition of the same matter should be avoided, and that it is sufficient to refer concisely to the inducement in the first count. But unless the second count expressly refers to the first count, no defect therein will be aided by the precedent count. 1 *Chit. Pl.*, 413.

It is a rule that each count must be perfect in itself, and set forth a distinct cause of action. A distinct cause of action for such slanderous words as are in this count averred, consists not alone in the words spoken, but it is also necessary to connect them with some judicial or other legal proceeding, in which a valid oath was administered to the plaintiff—an oath which, if false, would subject him to punishment for perjury. By referring in the second count to the inducement set forth in the first, it is considered as fully as part of that count as if incorporated in it. But unless so referred to, it becomes no part of the second count, and in an action, such as this, the count is fatally defective. The brief sentence found in the form books, and used for this purpose, is wanting in the 3d count. It is not averred that the words spoken were "of and concerning said trial," alluding to the trial set forth fully in the first count. The only reference, any where in the 3d count to a trial or a judicial proceeding, is an innuendo found in the following terms and connection: "He (meaning the plaintiff) swore a lie in that case (meaning the said trial at law, and meaning that the said plaintiff had been and was guilty of perjury in giving false evidence upon his oath in said trial at law, before said justice of the peace.") This is no

40

averment that there was a trial had before a justice of the peace, or that the plaintiff had been sworn as a witness in such trial. It is not the office of an innuendo to supply the place of an aver-·ment, to state the existence of a fact, but simply explanatory of an averment previously made. Mr. *Chitty* says: "It serves to point out where there is precedent matter, but never for a new charge." 1 *Chitty Pl., page* 407. The 3d count is, therefore, fatally defective in this respect. It simply charges the defendant with having spoken words which are not in themselves actionable.

Fully recognizing the rule that, after a trial and verdict for the plaintiff, every intendment will be made in favor of the declaration upon the state of facts pleaded, we feel confident that the defect in this instance is not embraced within such rule, but is of that class of defects which affect the cause of action itself, not the manner of stating the cause of action. · Lord MANSFIELD says: "That a verdict cures a title defectively stated, but not a defective title." Chancellor KENT, in 17 *John. R.*, 448, says: "If any thing essential to the plaintiff's action be not set forth, though the verdict be for him, he cannot have judgment, because if the essential parts of the declaration be not put in issue, the verdict can have no relation to it."

The presumptions in favor of the declaration must arise upon that which is stated in it, as, for instance, in the case before us, it was necessary to aver that in some legal proceeding the plaintiff had been sworn and given evidence. This was a necessary averment to fix liability upon the defendant. No presumptions could be indulged in support of the judgment, that there was proof before the jury that such legal proceedings were had. But if they had been stated, but the manner of swearing the plaintiff, who was called as a witness in the case, had been omitted, after verdict, the presumption that sufficient proof upon that point had been given, might well be indulged.

The question as to what defects in pleading are cured, and what are not cured by verdict, was considered at great length in the case of *Sevier vs. Holliday*, 2 *Ark. Rep.*, and fully sustains,

the conclusion at which we have arrived in this case, which is, that the defect in the 3d count is not such as is cured by verdict.

It is insisted by counsel that, admitting the 3d count to be defective, such defect is cured by the defendant's special plea of justification, in which he has set forth fully all the material facts omitted in the 3d count, and that the defects being thus supplied, the verdict and judgment should not be set aside.

As this question has not, heretofore, been presented tor our consideration, we have given it a careful consideration. The American decisions, which hold that the defects in the declaration are aided after verdict by the averment in the special plea, seem to have been made upon the authority of an early English decision, reported: *Drake vs. Corderoy, Croke Cas.* 288. In that case, the slanderous words charged were: "He (innuendo, plaintiff,) is foresworn," without referring to any judicial proceeding, or oath administered. The defendant justified, showing the oath which he made in the open sessions, and that it was false, upon which justification issue was taken, which was found and judgment for plaintiff.

" It was assigned for error that the words were not actionable, " because he doth not say in the declaration that he was foresworn " by his oath taken in any court. And to say, generally, that " the plaintiff is foresworn, an action does not lie, but to say he is " perjured an action lies.

" But all the court held that if there was any doubt, it was " upon the declaration, which was uncertain because he doth not " show that the words included a false oath in a court of record. " Yet when the defendant by his plea confesseth that he spoke " those words by reason of his oath taken at the sessions, that " clears the question whereof he intended to speak. Wherefore " the judgment was affirmed."

In the case of *Vaughan vs. Havens,* 8 *Johns., R.* 109, Spencer J., who delivered the opinion of the court, referred to *Drake vs. Corderoy,* and approved the decision in that case. In *Wood vs. Scott,* 13 *Verm. R.,* 42, Redfield J., upon the authority of the

above cases, said: "But when a case, where on exceptions the entire case is before the court, and it is our duty to look into the record, we there find that the defendant pleaded in bar the truth of the words spoken, and therein defined the sense in which he used them. He says, that the plaintiff, in his testimony, on the occasion set forth in the declaration, had knowingly and willfully sworn false, thereby committing willful and corrupt perjury, and therefore he spoke the words, as well he might," and held the defect in the declaration cured by the plea.

It may be well to remark that in the case of *Wood vs. Scott*, the omission in the declaration held to be cured by the plea, was not for want of an averment of the circumstances under which the alleged false swearing took place, but for the want of a proper innuendo. But we apprehend that it is not the less an authority in point, upon principle ; and particularly as *Drake vs. Corderoy* and *Vaughan vs. Havens* are cited as authority.

In the case of *Smith vs. The Eastern Rail Road*, 35 *N. Hamp. Rep.*, 356, it was held that "if the facts stated in the plea be such as necessarily to imply, and the issue joined be such as necessarily to require on the trial, proof of the facts imperfectly stated, or omitted in the declaration, and without which it is not to be presumed that the jury would have found the verdict rendered, the judgment will not be arrested on account of such omission."

In the case now under consideration, the special plea of the defendant in the court below, contains all of the facts in reference to which the words were spoken, and which should have been averred in the declaration, and in reference to which the colloquium was had. They were all put in issue by the replication to the plea, and it became necessary and proper to introduce evidence under such issue. We have not the evidence before us, and therefore cannot say what the proof was ; but in the absence of it, we must presume, in favor of the verdict, that such evidence was before the jury, and when taken in connection with the other evidence in the case, sustained the verdict rendered.

We must therefore hold that, notwithstanding the declaration was so defective as to present no issue under which competent evidence might have been introduced, yet inasmuch as the defendant, by his special plea of justification, supplied such omission, in so far that under it competent evidence could legally have been introduced, the verdict of the jury may have been, and as we must presume in favor of the verdict, was found upon sufficient evidence to warrant the verdict and the judgment thereon.

The remaining ground of objection to the verdict and judgment is, that the circuit court erred in giving instructions to the jury by which they were misled in making their verdict.

The counsel for the plaintiff in error insists that the instructions were calculated to mislead the jury under any conceivable state of evidence, and that when such is the case, even when the evidence is not before us, such erroneous instructions should be looked into and corrected.

We have carefully looked into the instructions, and when taken all together, they are not so palpably defective, that in the absence of the evidence given to the jury, we could undertake to say that they were erroneous. In a case like the present every presumption is to be indulged in favor of the decision of the circuit court, who heard all of the evidence, and whose duty it was to instruct the jury.

In view of the whole case as presented to us, we are of opinion that the circuit did not err in overruling the defendant's motion in arrest of judgment.

Judgment affirmed.