MANGUM et al. vs. COOPER, Adm'r.

CIRCUIT COURTS: *May appoint administrator* pendente lite.
  Where a paty plaintiff or defendant dies *pendente lite*, the court before
    which such cause is pending, has power to appoint a special ad-
    ministrator to conduct or defend the cause.

APPEAL from *Phillips* Circuit Court.
Hon. M. L. STEPHENSON, Circuit Judge.
*J. C. Palmer*, for appellants.
*A. H. Garland*, for appellee.

SEARLE, J. This cause was tried at a former term of the Phillips circuit court, and judgment rendered in favor of Ephraim E. Cooper, who was then plaintiff. The appellants, who were then defendants, appealed to this court. Upon the hearing of the cause here, the judgment of the circuit court was reversed and the cause sent back with instructions, etc. While the cause was pending a second time in the circuit court, Ephraim E. Cooper, the plaintiff, died, and upon motion of the counsel of the plaintiff, T. G. Cooper was appointed by the court as special administrator of said plaintiff, deceased, to conduct the cause in said court to final judgment, etc. Judgment was rendered in favor of the appellee in conformity to the instructions from this court, and the appellants again appealed to this court. No exceptions whatever were taken by appellants to any of the proceedings or ruling of the circuit court during the last trial. No errors are, therefore, pointed out of which we can take cognizance. But it is claimed here, for the first time, that the circuit court erred in appointing a special administrator, etc. If it were proper that such an assignment of error, made at such a time, should be noticed, we would remark, that the appointment of a special administrator by the circuit court was not erroneous. The special

adminitrator was appointed under the provision of sections 9 and 10, chapter 1, Gould's Digest, and this court declared in *Wade v. Bridges, Adm'r ad litem* (24 Ark., 572), that the circuit court had power, under these sections, to appoint such administrators. There is nothing in the present administration law in this respect different from or inconsistent with the law in Gould's Digest, and this section has never been repealed.

Finding no error in the proceedings of the court below, the judgment is affirmed with costs and ten per cent. penalty.