## GRACE V. NEEL.

1. PRACTICE: *Revivor: Parties: Administrator ad litem.    Creditors. Attorney.*

   Upon the death of a plaintiff in a suit in equity for lands and rents, the suit should be revived in the name of his heirs and, also, his administrator, in consideration of his right to possession for the payment of debts; but they cannot be forced by creditors to prosecute against their will, and if they refuse to revive and prosecute it, it should be dismissed.    Creditors of the deceased can not be made parties, nor have an administrator *ad litem* where there is a regular administrator; nor can the attorney prosecuting the suit have a special administrator, or be permitted to prosecute it himself to recover his fees and cost paid out

APPEAL from *Jefferson* Circuit Court in Chancery.

Hon. X. J. PINDALL, Circuit Judge.

*W. P. Grace*, for appellants.

1.  The creditors were entitled to be made parties. *Gantt's Dig.*, sec. 4475, 4482.

2.  Her administrator *ad litem* should have been appointed.    *Gould's Dig.*, secs. 9–12, ch. 1; *Wade v. Bridges, ad'r., 24 Ark., 569*; *Mangum v. Cooper, ad'r., 28 Ark., 253*; *Haglin et al v. Rogers, 37 Ark., 494.*

*Martin, Taylor & Martin*, for appellee.

When a suit abates by death of a sole plaintiff, only his heirs or legal representatives can revive it.    *Story Eq. Pl., sec. 385, 365, 378*; *7 Eng. Law and Eq., 289*; *Story Eq. Pl., secs. 364*: *Mitford's Eq. Pl., 69*; *Gantt's Dig., sec. 4774*; *Anderson v. Levy, ad'r., 33 Ark., 576*; *State*

*use, etc., v. Rottaken, ad'r., 34 Ib., 157; Haley v. Taylor, 39 Ib., 104.*

*Secs. 9–12, ch. 1, Gould's Dig.*, are impliedly repealed by the code, but if not, where there is a general administrator no administrator *ad litem* can be appointed.

There can be no revival of a cause for the purpose of pay ing costs and fees merely, unless taxed, etc., in the lifetime of the party, etc.  *Story Eq. Pl., sec. 371; Daniel Ch. Pl., sec. 1527.*

SMITH, J.   Richardson filed his bill in equity, alleging that he had conveyed certain lands to the defendant, Neel, by a deed absolute in form, but intended to operate only as a mortgage security; that Neel, in consideration thereof, was to pay certain specified debts of the plaintiff, and that he had been fully repaid out of the rents and proceeds of the sale of some of the lands, all sums so advanced by him, but had neglected to pay some of the scheduled debts.   The prayer was to have the deed declared a mortgage and for a reconveyance and an accounting.

PRACTICE:   After service of the summons and after some depositions
Revivor,
parties, &c had been taken for the plaintiff, but before answer filed, Richardson died, and Neel, the defendant in the suit, was appointed his administrator.   As such administrator he caused an order for the dismissal of the cause to be entered in vacation.   At the next term of court, the unpaid creditors of Richardson asked to be made parties and for the appointment of an administrator *ad litem*.   Mr. Grace, Richardson's solicitor, also moved for the appointment of a special administrator, and for leave to prosecute the suit himself in order to recover his fee and costs that he had advanced.   These motions were all denied, it being made to appear to the court below that it was not the intention, nor desire of Richardson's heirs that the suit should be revived,

and on motion of Neel, the case was dismissed. Grace and the creditors have prosecuted this appeal.

Upon the death of a sole plaintiff, an action may be revived in the name of his representatives, to whom his right has passed. Where his right has passed to his personal representative, the revivor shall be in his name ; where it has passed to his heirs, or to his devisees, who could support the action if brought anew, the revivor may be in their name. *Gantt's Dig.*, sec. *4774*.

In *Anderson v. Levy, 33 Ark., 665*,—a suit involving the title to lands—the plaintiff had died and the cause was revived in the name of his administrator, and proceeded to a decree. This court said : ''The decree and all proceedings in the court below, with regard to the land, after suggestion of McCrary's death, were erroneous. The administrator might have prosecuted the suit for an account against Partee and a personal decree ; but that branch of the case was abandoned. Upon the death of a party the title to his lands passes at once to his heirs or devisees and the administrator cannot represent them in court. In all cases where title is to be affected they are necessary parties. It is well settled that the heirs of a mortgagor are necessary parties defendant to a bill to foreclose, or as complainants in a bill to redeem. A bill to assert an equitable title to land, to which the legal title is in another is in fact a bill to redeem. The success or failure of it affects the heirs and they must be brought in. * * * The court should, of its own motion, refuse to proceed until the heirs are brought in and can have an opportunity to be heard.'' See also *Haley v. Taylor, 39 Ark., 104* ; *Sisk v. Almon, 34 Id., 391* ; *S. C., 40 Id.*

Here the heirs of Richardson were indispensable parties plaintiff, although the administrator might have been properly joined in consideration of his possessory right to the real estate of his intestate for the payment of debts, and of

Heirs and administrator may be made parties, but can not be forced to against their will.

the fact that the taking of an account was part of the relief demanded by the bill. The appellants did not ask that the suit should be revived in the name of these heirs. If they had done so, their request should have been refused, "because such a proceeding would be practically instituting a new action, and forcing a party, at the instance of one who has no right to demaud it, to commence an action when he does not wish to do so." *State use, etc., v. Rottaken,. 34 Ark., 144.*

No administrator *ad litem* where general administrator.

But it was proposed to revive this cause in the name of an administrator *ad litem*. The act of January 10th, 1851,. (*Gould's Dig., ch. 1, secs. 9–12*) authorizing the appointment of a special administrator by the court in which a suit is pending, in case of the death of one of the parties, has not been brought forward into Gantt's Digest, although it was declared in *Wade v. Bridges, 24 Ark., 569*, to be constitutional. And in *Mangum v. Cooper, 28 Id., 253*, it was decided that this statute had never been repealed. Assuming, then, for present purposes, that the law is still in force, yet it expressly provides that no such appointment shall be made where there is a general administrator. So that there is no room here for the operation of the act. And if there was, the principal relief demanded by the bill cannot be attained unless the heirs of Richardson are willing for their names to be used in the revivor and prosecution of the suit.

The appellants are not without remedy, however. Mr. Grace doubtless has a meritorious claim against the estate of Richardson ; although this remedy may prove to be inefficacious, as suggested here, on account of the insolvency of the estate. Then he certainly has a retaining lien upon the deeds, papers and securities entrusted to him by his client ;. and possibly, although on this point we express no opinion,. his lien may extend to the subject of the suit, so that it may not be defeated by a collusive settlement between the

defendant and those who have succeeded to Richardson's rights. Compare on this subject, *Gist v. Hanley, 33 Ark., 233; Compton v. State, 38 Id., 601; Carpenter v. 6th Av. R. Co., 1 Am. Reg. U. S., 410* and note.

Again, if Neel received the property, as alleged in the bill, under a promise to pay Richardson's debts, a trust, it should seem attaches to the property, which the creditors may enforce by appropriate suits. And there are indications in the record that some or all of these creditors, are pursuing the property in the federal courts.

All that we mean to decide is, that whatever rights the appellants have must be asserted in independent suits. They cannot ingraft their claims for relief upon the dead stock of a suit which has abated, nor attach them as a tail to a kite which has already descended to the ground.

The decree below is affirmed without prejudice to the right of the appellants to institute new suits.