THOMPSON *v.* JACOWAY.

Opinion delivered February 13, 1911.

1. PLEADING—EFFECT OF DEMURRER TO ANSWER.—When a demurrer is filed to an answer, it reaches back to any defect in the complaint. (Page 511.)

2. SAME—AMENDING COMPLAINT BY ANSWER.—A failure to allege a necessary matter in a complaint may be supplied by the allegations of the answer. (Page 511.)

3. SALES OF CHATTELS—BREACH OF WARRANTY.—Before a vendee of personal property can recover for a breach of warranty of the title, he must show a recovery by the real owner. (Page 512.)

Appeal from Yell Chancery Court, Dardanelle District; *Jeremiah G. Wallace,* Chancellor; affirmed.

*Bullock & Davis* and *John M. Parker,* for appellants.

Upon the sale of chattels for a fair price by one who is in possession, the law implies a warranty of title, and the seller is answerable to the purchaser if the chattels be taken from him by one having a better title than the seller, whether the seller

knew of the defect in his title or not. 19 Ark. 460, and authorities cited.

Collier knew nothing of any defect in the title at the time he signed the note; he was surety only and as such entitled to have his contract strictly ·construed as a favored debtor.    109 S. W. 1112. As a surety he had the right to limit his liability. 32 Cyc. 33.  If the whole of the property was mortgaged, Collier was entitled to have the whole of the shares of stock sold before looking to him for any remainder.  20 S. W. 943.

Sellers & Sellers and Brooks, Hays & Martin, for appellee.

1.  The condition in the mortgage and note has been fulfilled as to Collier, by his own admission in his answer that the property has been sold and applied on the prior mortgage.  Nothing remained, therefore, to be done by him except to pay the balance.

2.  Thompson could not hold the property for four years, receiving the benefits and profits, and then plead want of title when called on to pay the balance of the purchase money.

3.  Where all the testimony heard by the chancellor is not brought into the record, his finding of facts will be presumed by this court to be correct.  64 Ark. 609; 63 Ark. 513; 70 Ark. 127; 72 Ark. 185.

FRAUENTHAL, J. This was a suit brought by H. M. Jacoway, the plaintiff below, to recover upon a note which the defendants had executed to him and to foreclose a mortgage given to secure the payment thereof.  It was alleged in the complaint that both defendants had executed the note sued on, and that the defendant Thompson had executed the mortgage to secure the payment thereof upon certain real and personal property, which was therein described.  It was also alleged that in the mortgage it was provided that all the property therein described should be sold and the proceeds thereof applied upon the debt before the defendant Collier should be required to pay any part of the note. The complaint alleged default in the payment of the note, but did not allege that the property described in the mortgage had been sold and the proceeds applied towards the payment of' the note.

To this complaint the defendants filed answers and subsequently amended answers in which the execution of the note and mortgage was admitted.  In said amended answers it was, in

substance, alleged that the note was executed for the purchase money of the personal property described in the mortgage, which consisted of articles constituting a printing plant, which plaintiff had sold to defendant Thompson, and that defendant Collier had executed the note as surety only. It was alleged that plaintiff had sold to said Thompson said printing plant for $2,647.50, for which he had executed two notes, one for $2,000 to one John Grace, who had advanced that amount to plaintiff, and the other for $647.50 to plaintiff, which is the note sued on; and that defendant Collier had executed both notes as surety. To secure these notes, Thompson executed two mortgages on the property described in the complaint, one to said Grace and one to plaintiff, in which it was provided that the mortgage to said Grace should be prior and superior to the mortgage executed to plaintiff. In both mortgages it was also provided that the property therein described should be sold and the proceeds applied to the payment of the notes before said Collier should be required to pay any part thereof. It was further alleged that at the time of the sale of the said personal property to Thompson plaintiff represented himself to be the owner of said personal property and warranted his title thereto, but that the title to said property was not in plaintiff. It was averred that said John Grace had brought suit upon said note and mortgage executed to him, and in that suit it was decreed that the plaintiff was only the owner of a large portion of the stock of a corporation in which was the title to said personal property. The defendants claimed that on this account the note and mortgage were executed without consideration and were void; and they asked that they be cancelled. To the amended answers the plaintiff filed a demurrer, which was sustained, and the defendant Collier then, by leave of the court, filed an amendment to his amended answer in which he alleged "that all of the property has been exhausted under the sale under the former or prior mortgage executed by said J. S. Thompson and Collier to John Grace." And to the amended answer as thus amended the court sustained a demurrer interposed by plaintiff. The defendant thereupon refusing to plead further, the court entered a decree in which it is recited that it found that defendants were indebted to the plaintiffs in the amount of the note, and "that the property described in said mortgage has all been

sold under prior mortgage foreclosed by a decree of this court," and rendered judgment against defendants for said debt. From this decree defendants have appealed to this court.

It is urged by counsel for defendants that the complaint herein was defective as to defendant Collier and was itself subject to a demurrer; and that the demurrer filed to the answer re-, lated back to the complaint, and that the demurrer, being thus taken to the complaint, should have been sustained. It is claimed that in the complaint it was alleged that the mortgage upon which this suit is based provided that the property therein described should be sold and the proceeds thereof applied to the note sued on before defendant Collier should be required to pay any part thereof, and that it was not alleged in the complaint that this had been done. It is true that when a demurrer is filed to the answer its effect is to search all prior pleadings, and it operates not only against the answer to which it is interposed, but it is also taken as a demurrer to the complaint upon which the action is instituted; and if that pleading contains a fatal defect, it should be sustained as a demurrer to such complaint. *Carlock* v. *Spencer,* 7 Ark. 12; *Wade* v. *Bridges,* 24 Ark. 569; *Yell* v. *Snow,* 24 Ark. 555; *Ward* v. *Terry,* 30 Ark. 385; *Bruce* v. *Benedict,* 31 Ark. 305.

But a defect in the complaint may be aided and cured by an answer. If a complaint is defective because it does not make sufficient allegations, then it is aided by an answer which itself makes the allegations in which the complaint is deficient; and this cures the complaint. As is said in the case of *Choctaw, O. & G. Rd. Co.* v. *Doughty,* 77 Ark. 1: "A defect in pleading is aided if the adverse party plead over to or answer the defective pleading in such a manner that an omission or informality therein is expressly or impliedly supplied or rendered formal or intelligible." *Knight* v. *Sharp,* 24 Ark. 602; *Pindall* v. *Trevor,* 30 Ark. 249; *Davis* v. *Hare,* 32 Ark. 386; *Webb* v. *Davis,* 37 Ark. 551; *Ogden* v. *Ogden,* 60 Ark. 70; *Hess* v. *Adler,* 67 Ark. 444.

In the amendment to the amended answer the defendant Collier alleged: "This defendant further states that all the property has been exhausted under the sale of the former or prior mortgage executed by the defendants Thompson and Collier to John Grace." This allegation in the answer supplied the omis-

sion thereof in the complaint, and in effect was an averment that all the property described in the mortgage had been sold and the proceeds thereof properly applied; because it was also alleged that the mortgage provided that the proceeds of the sale of the property should be applied first to the payment of the debt secured by the mortgage given to Grace.

It is alleged in the answer that the plaintiff warranted the title to the property for the purchase money of which the note was given, and that the warranty had been broken, and it is urged that this set forth a good defense. But the answer did not allege that the defendant had lost or been dispossessed of the property which he purchased from plaintiff by reason of such alleged failure of title. There is no breach of a warranty of title merely because such title is disputed. The mere existence of a right to the property by a third person is not sufficient. There must be an actual deprivation of the possession of the purchaser by one holding a superior title before there is a breach of the warranty of title. As is said in the case of *Hynson* v. *Dunn,* 5 Ark. 395: "Where a vendee relies on the warranty of title, whether expressed or implied, there must be a recovery by the real owner before an action can be maintained for a breach of contract. This is in the nature of an eviction, and it is necessary in such a case for the pleading to show that the vendee had been evicted or unlawfully deprived of the use and possession of the property; and in omitting to do this it discloses no breach of warranty." 35 Cyc. 416.

In the case at bar it sufficiently appears from the allegations of the pleadings that the property was sold by the plaintiff to the defendant in 1905 at the date of the execution of the note, and the possession thereof turned over to defendant, and that he remained in possession thereof until 1909, when same was sold under the mortgage executed to Grace. Under the allegations of the pleadings, therefore, there was never a deprivation of the possession of the defendant until he was lawfully dispossessed of the property by virtue of the mortgage given to Grace. This was in full compliance with the terms of the mortgage sued on in this case, and there was no breach of the warranty of title under these allegations.

It follows that the court did not err in sustaining the de-

murrer to the amended answer of defendant Thompson or the demurrer to the answer of defendant Collier as amended.

The decree is affirmed.

KIRBY, J., dissents; HART, J., disqualified.