LANIER, GUARDIAN, *v.* SHONYO.

Opinion delivered April 1, 1918.

1.  APPEAL AND ERROR—TRIAL BEFORE COURT—COLLATERAL ATTACK.—A judgment rendered in a trial before the court, instead of before a jury, is not subject to collateral attack, for that reason.

2.  ATTACHMENTS—MONEY JUDGMENT—DEATH OF DEBTOR—RIGHTS OF HEIRS—REVIVOR.—A. sued B. for damages for personal injuries and attached B.'s interest in certain lands. While the suit was pending B. died; the action was revived in the name of a special administrator and a money judgment rendered in favor of A. B. left surviving him two minor children. *Held*, an order of sale of B.'s lands, could be made, without a revivor in the name of B.'s heirs.

Appeal from Mississippi Chancery Court, Chickasawba District; *Archer Wheatley,* Chancellor; reversed.

*R. A. Nelson,* for appellant.

1. The judgment in *Griffith* v. *Richardson* was void because it was entered by consent. The special administrator exceeded his authority. The judgment was not a lien on appellant's ward's interest in the lands. 2 R. C. L. 870.

2. The attachment was not levied and was not a lien. 44 Ark. 202; Kirby & Castle's Dig. § 6062.

See also 45 Ark. 267; 51 *Id.* 361; 93 *Id.* 307.

3. There was no revivor in the name of the heirs of Richardson. Nor was the judgment presented and allowed by the probate court. 39 Ark. 104; 48 *Id.* 31; 110

*Id.* 311; 39 *Id.* 235; 41 *Id.* 167; 83 *Id.* 201; 93 *Id.* 310; 45 *Id.* 267. See also 51 Ark. 361; 64 *Id.* 355; 86 *Id.* 390.

*Little, Lasley & Adams,* for appellees.

1. There was a proper revivor. Kirby's Digest, § 6298.

2. It is presumed that there was evidence to sustain the judgment. The findings and judgment of the court cure any seeming defects. 4 Cyc. 616; 67 Ark. 481.

3. Defendant's death did not destroy the attachment lien. 19 Ark. 476; 90 *Id.* 454.

4. The purchasers became the owners of the lands. 97 Ark. 367; 99 *Id.* 324.

5. The judgment should be reversed on the cross-appeal and the title quieted. 89 Ark. 309; 78 *Id.* 275.

6. This is a collateral attack on the judgment: It was not by consent. A jury was waived and a trial had before the court on the pleadings and testimony.

McCULLOCH, C. J. John Richardson was the owner of an undivided one-sixth interest in certain tracts of land in Mississippi County by inheritance from his father, George W. Richardson, who died in the year 1906, leaving a widow and six children. The lands were not partitioned between the heirs of George W. Richardson during the lifetime of John Richardson, but were held by the heirs as tenants in common. Claude Griffith instituted an action in the circuit court of Mississippi County against John Richardson to recover damages laid in the sum of $8,000 for personal injuries alleged to have been inflicted by Richardson upon the body of Griffith, and at the commencement of the action an order of general attachment was issued and levied on Richardson's interest in the aforesaid lands. There was personal service of process in that action upon Richardson, who died during the pendency of the action, leaving two infant children, who are plaintiffs in the present action. The action of Griffith against John Richardson was revived in the name of a special administrator of the estate of John Richard-

son and proceeded to trial, and judgment was rendered in favor of the plaintiff for recovery of damages in the sum of $1,100. The attachment in the cause was sustained and the undivided interest of Richardson in the land was directed to be sold. The sheriff sold the interest of Richardson in the lands pursuant to the order of the court and said interest was purchased by four of the heirs . of George W. Richardson, who still owned their several interests inherited from their father. The sale was duly confirmed by the court.

The present consolidated actions were instituted by the two children of John Richardson, who are still minors and sue by their guardian, to recover possession of the interest of their father in the lands, which had in the meantime passed to the several defendants in the causes under conveyances from the other heirs of George W. Richardson. The cause was transferred to the chancery court and proceeded there to final hearing. The chancellor held that the sale of the land under the judgment in the case of Griffith against John Richardson was void and that plaintiffs were entitled to recover the lands, but that defendants were entitled to a lien on the lands by way of subrogation to the rights of the original plaintiff Griffith, to the extent of the judgment. Both sides have appealed to this court.

(1) It is contended, in the first place, that the judgment in the case of Griffith against Richardson was void because it was a consent judgment and that the special administrator had no power to give such consent. The record of the judgment recites that the cause was heard "on the pleadings, testimony of witnesses, exhibits and agreements of parties and counsel, and the finding of the court is for the plaintiff that he have judgment against the defendant in the sum of $1,100 and his costs," etc. There was oral testimony introduced in this cause before the chancellor tending to show that the judgment in the Griffith case was rendered upon consent of counsel in the case, but this is a collateral attack upon the judgment

and it can not be overturned in that manner. The recitals of the judgment are conclusive in the absence of proof of fraud. The record does not show that there was a trial before a jury, but the attorneys representing the respective parties were authorized under the statute to waive a trial by jury and consent to a trial before the court. Kirby's Digest, sec. 6212. At any rate the trial of the cause before the court instead of before a jury was at most an irregularity which can not be raised in a collateral attack on the judgment. *McClendon* v. *Wood,* 125 Ark. 155.

(2) It is next insisted that the judgment, so far as it sustained the attachment and ordered the sale of the lands, was void because there had been no revivor in the name of the heirs. It is insisted that it was necessary to revive in the names of the heirs before there could be an order of sale of the lands, the title to which descended to them from their father, the defendant in that action. Counsel are not correct in their assumption that the statutes of this State require a revivor in the name of heirs before there can be an order of sale of attached lands in an action for recovery of a money judgment. The action upon which the attachment was issued was for the recovery of money, and the attachment was only an ancillary proceeding, the title to the lands not being involved. The revivor related only to the main action which survived against the personal representative of the deceased defendant. Kirby's Digest, Sec. 6310. The statute authorizes a revivor in the name of a special administrator where there is no general administrator of the estate of the deceased defendant. Kirby's Digest, secs. 6298-6300. The statute authorizing the appointment of a special administrator was part of the act of January 10, 1851, and was not repealed by the code provisions on that subject. *Mangum* v. *Cooper,* 28 Ark. 253; *Grace* v. *Neel,* 41 Ark. 165. The statute was upheld as a valid exercise of legislative power in the case of *Wade* v. *Bridges,* 24 Ark. 569, and was held applicable in a case identical with the present case where lands were attached

under an order of general attachment issued in a personal action. Similar procedure was approved by this court in the more recent case of *Weibel* v. *Beakley,* 90 Ark. 454.

The only decision of any court brought to our attention tending to sustain the contention that it is essential in a case of this kind that there must be a revivor in the name of the heirs before lands can be sold under attachment is the case of *Green* v. *Shaver,* 3 Humphrey's (Tenn.) 139, where Judge Nathan Green, speaking for the Tennessee court, said: "After the death of Hickman, his land descended to his heirs, and the title to the tract this attachment was levied on vested in them, notwithstanding the lien created by the levy of the attachment. No judgment could be rendered condemning the land, until the heirs were before the court. Notwithstanding the attachment had been levied on the land, they would have a right to require that the judgment of the plaintiff should be satisfied out of the personal estate in the hands of the administrator, if there were any; and having this right, they must be brought regularly before the court, that they may see that the personal assets have been regularly and fully administered." That decision was rendered in 1842, and was based upon a statute of Tennessee enacted in 1794 which expressly provided that in all suits at law before lands of a decedent could be ordered sold under process there must be a revivor in the name of the heirs. The decision based upon the statute of that State is not applicable here where we have no such statute.

We are of the opinion that the chancellor erred in holding that the sale under attachment was void. It is, therefore, unnecessary to discuss the rights of defendants to subrogation.

The decree is reversed with directions to dismiss the complaint in each of the consolidated actions.