HENRY D. TOWNSLEY *vs.* RACHEL CHAPIN.

A woman who during coverture has executed a deed of her sole and separate real estate, for a valuable consideration, but without the assent of her husband in writing, (as required by Gen. Sts. c. 108, § 3, in order to give validity to the deed,) will not be compelled, after her husband's death, by a court of equity, to execute a new and valid deed to the grantee; although the woman's husband orally assented to the original deed.

BILL IN EQUITY, alleging that on the 10th of May 1865 the defendant, being a married woman, and being seised of certain real estate in Buckland to her own sole and separate use, free from the interference and control of her husband, conveyed the same by her deed of quitclaim to the plaintiff, in consideration of his agreement to support her and her husband during their lives, and took back a mortgage of the same premises from the plaintiff to secure the performance of his said agreement ; that this agreement was made with the assent of the defendant's husband, and it was understood and agreed by the plaintiff, the defendant, and the defendant's husband, that the latter should join

in the conveyance to the plaintiff, but by mistake of the scriv-
ener who prepared the same the parties were informed that it
was not necessary, in order to make a valid deed, that the hus-
band should join therein or assent thereto in writing, and accord-
ingly the deed was executed without such joining or assent of the
husband; that the plaintiff entered into possession of the prem-
ises, expended time and money in repairs and management
thereof, and has fulfilled his agreement to support the defendant
and her husband, and since the death of the latter (which has
recently occurred) he has offered to support the defendant; but
the defendant now refuses to allow him to occupy the premises,
or to execute a valid deed of the premises to him, and has com-
menced an action against him to recover the value of crops pro-
duced by him.    The prayer was that the defendant might be
compelled to execute a valid conveyance to the plaintiff, and be
restrained from prosecuting her action against him, and for other
relief.

The defendant, in her answer, besides various other defences
which are not now material, denied that the plaintiff in his bill
had set forth any case entitling him to relief in equity.

The case was reserved for the determination of the whole
court.

*S. T. Field,* for the defendant, besides cases cited in the opin-
ion, cited *Concord Bank* v. *Bellis,* 10 Cush. 276; *Lowell* v. *Dan-
iels,* 2 Gray, 161, 166–168; *Eaton* v. *George,* 40 N. H. 258, 261;
*Pike* v. *Clark,* Ib. 9, 13; *Hills* v. *Bearse,* 9 Allen, 403; *Grapen-
gether* v. *Fejervary,* 9 Iowa, 163; *Dickinson* v. *Glenney,* 27
Conn. 104.

*D. Aiken,* for the plaintiff.    This case may be treated as that
of an instrument defectively executed by mistake, like *Wads-
worth* v. *Wendell,* 5 Johns. Ch. 224; *Acton* v. *Peirce,* 2 Vern.
480; *Newton* v. *Swazey,* 8 N. H. 9.    In all these cases the in-
struments were invalid in law but were held good in equity.
The defendant's deed was not void absolutely, but void in a
qualified sense only.    The statute requirement that the husband
must assent in writing, (Gen. Sts. *c.* 108, § 3,) is no more insur-
mountable than the other statute provision that land can only

be conveyed by deed. Since the cases of *Jewett* v. *Davis*, 10 Allen, 68, and *Baker* v. *Hathaway*, 5 Allen, 103, there is no doubt of the power of the court to cause a married woman's deed to be reformed.

If then the defendant's deed may be confirmed, parol evidence is competent to prove the husband's assent. An argument may be drawn from the usage in cases under the statute of frauds. A joint assent in respect to separate property of the wife ought to be subject to the same kind of proof as the assent of the husband alone in respect to his own property. See *Jacobs* v. *Peterborough & Shirley Railroad*, 8 Cush. 223. The part performance will take the case out of the statute of frauds. *Newton* v. *Swazey*, 8 N. H. 9, 12, 13. 2 Story on Eq. § 759. The certainty of the agreement clearly appears by the instruments which were executed. It is immaterial whether the scrivener's mistake be considered a mistake of fact or a mistake of law. In either case the mistake may be corrected. *Canedy* v. *Marcy*, 13 Gray, 373. *Hunt* v. *Rousmaniere*, 1 Pet. 13. The reformation of a deed is but another name for performing specifically what was agreed to be done. But now that the defendant's husband is dead, no change even in the form of the instrument is required.

FOSTER, J. The plaintiff in equity brings this bill to obtain a decree for the execution of a new deed from the defendant to him, under the following circumstances:

The defendant, while a married woman, executed to the plaintiff a quitclaim deed of an estate held by her as sole and separate property, in which her husband, who has since deceased, did not join, and to which he never gave any written assent. The consideration of the conveyance was an agreement by the plaintiff to support the defendant and her husband during their joint lives and the life of the survivor. The deed of a married woman without her husband's joinder, at common law is abso-lutely void. The statute from which she derives her only power to convey her sole and separate property, Gen. Sts. *c.* 108, § 3, in express terms enacts that no conveyance of any real property, except a lease for a term not exceeding one year, and a release of dower subsequently to a conveyance by her husband

" shall be valid without the assent of her husband in writing or his joining with her in the conveyance."

It is not contended that the deed actually executed was otherwise than utterly void; its admitted invalidity is the foundation of the supposed equity which the plaintiff now invokes the aid of the court to enforce. Nor is it claimed that while the husband lived there was any foundation for a suit in equity against him to compel his written assent, and thereby to perfect the void conveyance. But, by reason of his death, the plaintiff insists that he is entitled to require from the defendant a new conveyance, which, as a *feme sole*, she is now competent to execute. In our opinion, however, the written assent of the husband is as indispensable to the validity of an executory agreement, by a married woman, to convey her real estate, as to an executed conveyance thereof. The restrictive clause of the section requiring the husband's written consent is as broad as that which confers the power to convey. It would be a preposterous construction to hold that a married woman might alone enter into a binding agreement to do that which she could not actually do without her husband's concurrence. The power to make a contract to convey is not given expressly, but derived inferentially from that to convey. *Baker* v. *Hathaway*, 5 Allen, 103. Upon what principle can it be maintained that an instrument wholly void upon its execution is made valid and capable of enforcement in equity by the contingency of the husband's death? The deed when executed was inoperative for want of power on the part of the grantor. The removal of the disability of coverture cannot possibly render effectual and binding a contract or conveyance made while that disability continued, and by reason thereof originally a mere nullity. Whether the section under consideration be considered as one conferring a power not previously possessed by married women, but on condition of the husband's written consent, which is its form; or as a protective enactment requiring such written consent for the benefit and security of the wife's interests, which is its substance; in either view, its effect and construction must be the same. *Jewett* v. *Davis*, 10 Allen, 68, cannot be distinguished from the present

case.　There relief was denied because the wife could make no valid contract.　We deny it now because she has made none The principle is the same.　A court of equity has no more jurisdiction than a court of law to recognize and give effect to instruments inoperative for want of compliance with a condition made by statute prerequisite to their validity.

　　The demurrer in the answer is sustained, and the

*Bill dismissed, with costs.*