Wood and wife vs. Terry et al.

WOOD AND WIFE VS. TERRY, et al.

30  385
54  528

30  385
66  438

1. DEMURRER: *Reaches back to the first defective pleading under the Code practice.*

Under the Code ,practice a demurrer reaches back to the first defective pleading, as at common law.

2. MARRIED WOMAN: *Executory contract to convey land.*

The executory, and unacknowledged contract of a married woman to convey her real estate, is void.

3. ———: *Estoppel.*

No estoppel can accrue against a married woman in regard to land not held as her separate estate.

APPEAL from *Ashley* Circuit Court.

Hon. J. T. ELLIOTT, Circuit Judge.

*Farr,* for appellants.

As to right of action, cited Rose's Digest, p. 799, secs. 36–7–8–9–40–1, and cases cited; 9 Ark., 569; and as to validity of reply, Code of Pr., p. 54, sec. 124; *Bertrand* v. *Byrd,* 5 Ark., 658.

ENGLISH, CH. J.:

In October, 1872, John S. Wood and wife, Mary C. Wood, brought ejectment, in the Ashley Circuit Court, against Robert Y. H. Terry, Wm. T. Terry and Alonzo S. W. Terry, for a tract of land.

The complaint states, in substance, that the plaintiff, Mary C. Wood, is the owner of a tract of land in Ashley county, containing about two and one-half acres, situated in the northwest quarter of section 14, township 17 south, range 7 west, described as follows, etc. (Here the land is described by metes and bounds.) That the plaintiff, Mary C. Wood, is the wife of the plaintiff, John S. Wood. That the plaintiffs are entitled to the possession of said land; that defendants hold possession thereof without right, and for one year and fifteen days past have unlawfully kept plaintiffs out of possession. Prayer for judgment for

*Vol. xxx.—25.*

the land and $700 damages for being kept out of possession, etc.,
The answer of the defendants contains two paragraphs:

*First*—That they are not guilty of unlawfully keeping plain-
tiffs out of the premises.

*Second*—In substance, that on the 22d Dec., 1870, plaintiff,
Mary C. Wood, entered into a contract with John Miller, a copy
of which is filed and made part thereof, whereby she agreed to
convey the premises described in the complaint to said Miller, on
performance of the contract on his part. That afterwards, on
the 7th July, 1871, defendants purchased the premises of Miller,
paying him $400 for improvements he had put on the place, and,
by and with consent of plaintiffs, undertaking and agreeing to
perform Miller's part of the contract. The plaintiffs, by and
with the consent of Miller, agreeing and undertaking to convey
said premises to defendants upon their performance of said Miller's
part of the said contract; and the plaintiffs further agreeing to
extend the time of performance nine months. All of the last
mentioned agreements were verbal, and not in writing. De-
fendants say that they have long since performed said Miller's
part of the contract, and that plaintiffs are now, and have been
for more than twelve months, in possession of the house built
by defendants under said contract. Wherefore they pray judg-
ment that plaintiffs convey to them the land, and that their
possession be quieted, and for other relief.

The contract between Mrs. Wood and Miller, made an exhibit
to the answer of defendants, is in substance as follows:

This agreement, made this 22d December, 1870, by and be-
tween M. C. Wood, of the town of Hamburg, etc., of the first
part, and John Miller, of said town, etc., carpenter, of the sec-
ond part, witnesseth, that the said John Miller, for and in con-
sideration of one dollar to him in hand paid, etc., and for the con-
sideration hereinafter mentioned, doth covenant, promise and

.agree to and with the said Mary C. Wood, that he, the said John Miller, will, within the space of nine months from the date hereof, in good and workmanlike manner, and according to the best of his .art and skill, well and substantially erect, build, set up, and finish one house at Hamburg, of the dimensions following, viz: · Forty feet long and thirty-two feet wide, containing four rooms sixteen feet square, ten feet from floor to joist, and a hall eight feet wide, extending across the center of the house, the ceiling to be rough. :Said house is to be built with good, solid pine lumber, the outer lumber to be heart, and such other materials as are necessary, furnished by the said John Miller, with the exception of shingles, chimney and nails. Said house is also to have portico in front, and one coat of paint on the outside. In consideration whereof, the said M. C. Wood doth covenant and promise to and with the said John Miller to convey unto the said John Miller three acres of land containing mill and all implements belonging thereto. The said John Miller to manage said mill as his own property until the time specified for completing said house, and provided the said Miller does not comply with his contract within the time aforesaid, he is to return unto the said M. C. Wood said mill in good order, allowing the said M. C. Wood reasonable rent for the use of said mill, and provided the said John Miller attaches any improvements to said mill from the time he receives it, and provided that he has to return said mill unto said M. C. Wood, he, the said John Miller, is to be allowed a reasonable compensation for said improvements.

This paper is signed by Mrs. Wood and John Miller, but does not appear to have been acknowledged before any officer by Mrs. Wood, nor is her husband a party to it.

To the answer of the defendants, the plaintiffs filed a reply in .substance as follows:

The plaintiffs, John T. Wood and Mary C. Wood, in reply to answer of defendants, state that it is true, as stated in second paragraph of answer, that plaintiff, Mary C. Wood, entered into a written contract with John Miller, whereby she agreed to convey the premises described in the complaint to said Miller upon the performance by said Miller of his part of the contract. It is true that defendant, on or about the 7th July, 1871, purchased of said Miller his interest in said premises, and agreed and undertook to perform his part of said contract, and that plaintiffs agreed and undertook to convey to defendants said premises upon their performance of said Miller's part of the contract; and if it be true, as stated by defendants, that they paid Miller $400 for improvements he had put on said premises, plaintiffs have no knowledge of it. Plaintiffs further state that it is not true, as stated by defendants, that plaintiffs agreed to extend the time of performance of said Miller's part of the contract nine months; and it is also not true that defendants had long since performed said Miller's part of said contract, but said contract remains still unperformed as to said Miller's part thereof. Plaintiffs admit that they are in possession of the house, but say that it was built on plaintiff M. C. Wood's land, on the site designated by plaintiff to defendant. That plaintiffs are now, were then, and, for a long time previous thereto, had been in peaceable and uninterrupted possession of the same : that they never in any wise accepted said house as a performance of the contract, nor in discharge of defendants' or Miller's part of the same ; but, on the contrary, they told the defendants repeatedly while they were building said house, that they were not building it according to the contract, and that they would not accept it. That defendants, against the remonstrance of plaintiffs, and in violation of said contract, used in the construction of said house, material different and inferior to that required by the contract,

and afterwards abandoned the contract and refused to perform the same, leaving the house unfinished. That the use of said inferior material was with intent to defraud plaintiffs, and not to perform the contract according to the terms thereof. That the work done by the defendants on said house was done in a very unworkmanlike manner, and with full knowledge by defendants of the plaintiffs' objections thereto, wherefor they pray judgment, etc.

The defendants demurred to the reply on the grounds :

*First*—That said reply does not state facts sufficient in law.

*Second*—Said reply is a departure in pleading from the complaint.

The court sustained the demurrer, and the plaintiffs declining to plead further, the court dismissed the cause at the costs of plaintiffs, and they appealed.

The answer was an attempt, under the Code practice, to set up an equitable defense and counter claim in the nature of a bill for specific performance. Gantt's Digest, sec. 4569–70, 4465.

It seems from the complaint and answer that Mrs. Wood, a married woman, was the owner of a small tract of land, which is the subject of the suit, as well as of the lot in Hamburg, on which Miller agreed to erect the house.

By the contract between Mrs. Wood and Miller, made an exhibit to the answer, Miller agreed to erect for Mrs. Wood, in Hamburg, within nine months from the date of the contract, a house of specified dimensions, materials, etc., in consideration whereof she agreed to convey to him the tract of land in suit, on which there was a mill. Miller was to use the mill as his own property until the time specified for the completion of the house, and if he failed to comply with his contract within the time specified, he was to restore the mill to Mrs. Wood in good order, allowing her reasonable rent for the use thereof, and if he attached improvements to the mill and had to surrender it by reason

of failure to perform his part of the contract, he was to be allowed reasonable compensation therefor.   Such seems to be the substance and effect of the contract between Mrs. Wood and Miller.

The appellees aver in the answer that when they purchased the mill tract of Miller, and agreed to perform his part of the contract with Mrs. Wood, appellants agreed to extend the time of performance nine months.   This the reply denies.

The appellees also aver that they performed the contract of Miller.   This the reply denies, and states in what their failure to perform his contract consisted.   Appellants deny that the house was built as agreed by Miller, or of such materials as he agreed to furnish, and aver that appellees abandoned the contract and refused to finish the house.   Appellants deny that they accepted the house, but admit that they are in possession of it, because located on ground belonging to Mrs. Wood.

If the answer be regarded as setting up a valid defense, or counter claim for specific performance as prayed, we are at a loss to see why the denials in the reply, of material allegations of the answer, should not have been held sufficient to put the appellees on proof of such allegations.

We are at a loss also to conjecture why the court below, if it deemed the answer good and the reply bad, dismissed the suit on sustaining the demurrer to the reply, thereby leaving both parties just as they were, without relief, instead of transferring the cause to the equity side of the court, and decreeing the appellee's title as prayed in the answer.   Gantt's Digest, 4465.   Perhaps the court thought the answer a good defense to the suit at law, but a bad showing for relief in chancery.

But under the Code practice, as well as by the common law system of pleading, the demurrer to the reply went back to the answer, and if it was bad, the judgment on the demurrer should

have been against the appellees, who put in the bad answer. In other words, the demurrer goes back to the first bad pleading, no matter by whom put in. Newman's Plead. and Prac., 651.

Was the contract made by Mrs. Wood, a *femme covert*, exhibited with the answer, to convey a tract of land owned by her to Miller upon consideration that he would build for her a house on another piece of ground owned by her, and of which contract appellees claim the benefit by verbal substitution, valid at law or enforcible in equity ?

By statute, "A married woman may convey her real estate, or any part thereof, by deed of conveyance, executed by herself and her husband, and acknowledged and certified in the manner hereinafter provided." Gantt's Digest, sec. 838.

The acknowledgment of the wife must be made before the proper officer, in the absence of the husband, and substantially in the form prescribed, in order to pass her title. Ib., 849.

In *McDaniel* v. *Grace et al.*, 15 Ark., 465, the power and disabilities of the wife to convey her real estate, at common law and under the statute, were discussed, and it was held that if she could authorize a conveyance to be made for her by power of attorney at all, the execution of the power should be acknowledged by her in the same mode in which the statute requires her to acknowledge the execution of a deed.

In *Stillwell & Wife* v. *Adams et al. ex.*, 29 Ark., 346, it was held that whilst the constitution of 1868 enlarged the capacity of the *femme covert* to take and hold a separate estate, and to devise or bequeath it, no power was conferred on her to sell or convey her estate, as if a *femme sole*, but as to selling or conveying her estate, she continued under the same disabilities that rested upon her before the adoption of the Constitution.

In that case the wife joined the husband in the execution of a mortgage upon real estate to secure a joint note made by them,

but the certificate of acknowledgment failed to show that the wife acknowledged the execution of the deed on an examination apart from the husband. It was insisted that whilst the certificate of acknowledgment, by the wife, was defective for the purposes of registration, the deed was nevertheless good as between the parties, to pass her title, but the court held the deed invalid as to her. The court also held that whilst a married woman may charge her separate property in equity with debts contracted by her with reference to it, yet the note in question was void as a personal contract of the wife, and there was nothing in the bill to show that the mortgaged property was the separate estate of the wife, or that she had any separate estate, or contracted in reference to any such estate, in executing the note, and that no decree could be rendered on the note against her.

In this case Mrs. Wood did not attempt to convey the tract of land in suit. She signed an agreement to convey, which was not acknowledged at all, nor signed by her husband.

By the general principles of law, says Judge Story, a married woman is, during coverture, disabled from entering into any contract respecting her real property, either to bind herself or to bind her heirs. And this disability can be overcome only by adopting the precise means allowed by law to dispose of her real estate, as in England by a fine, and in America by a solemn conveyance. 2 Story Eq. Juris., sec. 139.

There may be exceptions, in cases when a separate estate is vested in the wife with power of disposal (ib., sec. 1392) but there is nothing in the pleadings in this case to take it out of the general rule. *Butler* v. *Buckingham*, 5 Day, 501.

An agreement by a *femme covert*, with the assent of her husband, for the sale of her real estate, is void, and cannot be enforced in chancery against her. *Butler* v. *Buckingham, supra;* Hilliard on Vendors, p. 55.

*Glidden* v. *Strupler*, 52 Penn. State R., 400, is a case very much like this. Mrs. Strupler entered into a contract, signed only by herself and not acknowledged, to sell her lot for $65. Ten dollars of the purchase money and a year's interest were paid to her. The purchaser took possession, commenced building a blacksmith shop which was blown down, he hauled the materials away, and assigned his contract to the defendant, who erected on the lot a house worth $350. The plaintiffs (Strupler and wife) lived on the adjoining lot whilst the improvements were being made, and made no objection, indeed they seem to have acquiesced in the erection of the improvements. The husband and wife brought suit for the lot.

The court held that the contract of the wife to convey the lot was void, and had neither a legal nor equitable obligation, that equity could not breathe life into a legal nonentity.

That positive acts of encouragement which might operate to estop one *sui juris*, will not affect one under legal disability, and a wife can do or forbear to do no act to affect her property, unless settled to her separate use.

The question of the wife's liability to make compensation for improvements was discussed, but no such question is before us now.

Whether the appellees have any remedy against the appellants for money paid by them to Miller for any improvements he may have attached to the mill, over and above the value of the rents, or for the value of the house erected by appellees on Mrs. Wood's lot in Hamburg, we are not now called upon to decide, on the case made by the pleadings, and judgment appealed from.

The judgment of the court below must be reversed, and the cause remanded with instructions to the court to render judgment against the appellees on their demurrer, their answer being bad, and for such further proceedings as may be had in the cause according to law and not inconsistent with this opinion.