OLIVE A. GREGG *vs.* JAY OWENS.

June 1, 1887.

**Husband and Wife—Conveyance by Wife.**—No conveyance or contract for the sale of real estate, or of any interest therein, by a married woman, (except mortgages for purchase-money, and leases for terms not exceeding three years,) is valid unless the husband join with her in such conveyance. Gen. St. 1878, c. 69, § 2.

**Same—Joinder of Husband Indispensable.**—Under this statute it is necessary that the husband unite with the wife as a party in the execution of the conveyance. A mere consent by the husband to the execution by the wife of her sole conveyance is not sufficient; neither is the execution of the sole conveyance of the wife by her husband, as her agent, "joining with her in the conveyance."

**Contract of Sale—"Conveyance."**—A contract for the sale of real estate is a "conveyance," within the meaning of the statute.

Plaintiff brought this action in the district court for Ramsey county, to determine the adverse claims of the defendant to certain land. In his answer the defendant alleged that the plaintiff had contracted in writing to sell the land to him, and offered to perform. The alleged contracts of sale were attached to the answer as Exhibits A and B. One was executed in the name of plaintiff alone, and the other was executed in the name of the plaintiff "by J. C. Gregg, Agent." It appeared upon the trial, before *Simons,* J., that at the time of making the alleged contracts, the plaintiff was a married woman and the wife of J. C. Gregg. Judgment for plaintiff was directed, and the defendant appeals from an order refusing a new trial.

*Warner & Lawrence,* for appellant.

*C. D. O'Brien,* for respondent.

MITCHELL, J.[1] The married woman's act provides that "any married woman shall be capable of making any contract, either by parol or under seal, which she might make if unmarried, and shall be bound thereby; except that no conveyance or contract for the sale of

[1] Berry. J., was absent, and took no part in the decision of this case.

real estate, or of any interest therein, by a married woman, other than mortgages on lands to secure the purchase-money of such lands, and leases for terms not exceeding three years, shall be valid, *unless her husband join with her in such conveyance.*" Gen. St. 1878, c. 69, § 2. The term "such conveyance" evidently refers back to what precedes, and includes contracts for the sale of real estate, or of any interest therein; the word "conveyance" being used in its more general sense. See Gen. St. 1878, c. 40, § 26.

At common law a married woman was incapable of contracting. Her sole deed would have been a nullity. This statute is an enabling one, and to it we must look as the source and extent of her authority to convey her real estate. It both defines and limits the powers conferred thereby, and restricts the mode of their exercise. A conveyance must be made in the manner prescribed. It can be made only by adopting the precise means required by the statute. The language is explicit that no conveyance by a married woman shall be valid unless the husband *join in such conveyance.* It is not merely the consent of the husband that is required,—as was the case in a former statute, considered in *Merrill* v. *Nelson,* 18 Minn. 335, (366,)—but consent expressed by *joining in the conveyance itself.* It is unimportant whether the object was to protect the interests of the wife, or of the husband, or of both. The restrictive clause requiring a husband to join is as broad as that which confers the power to convey; and, unless the husband *joins,* the conveyance is not merely voidable, but void. It is void, not for want of form, but for want of power. Among the multitude of authorities that might be cited in support of the proposition that the conveyance must be executed in the precise manner required by the statute, see *Townsley* v. *Chapin,* 94 Mass. 476; *Melley* v. *Casey,* 99 Mass. 241; *Dickinson* v. *McLane,* 57 N. H. 31; *Warfield* v. *Ravesies,* 38 Ala. 518, 523; *Baxter* v. *Bodkin,* 25 Ind. 172; *Wood* v. *Terry,* 30 Ark. 385, 391.

"To join in a conveyance" has a well-understood meaning, viz., to unite as a party in the execution of it. An assent to the sole conveyance of the wife, indicated or implied by the husband assuming to execute it for his wife as her agent, is not "joining in the conveyance," within the meaning of the statute. This disposes of the case,

for defendant's claim is founded solely upon two contracts for the sale of the land in dispute, (Exhibits A and B of the answer,) both the sole contracts of plaintiff,—her signature to one. purporting to have been affixed by J. C. Gregg, (her husband,) as her agent; her signature to the other purporting to have been affixed by plaintiff in person, but in fact by one A. B. Wilgus. Both were signed, so far as appears, without any authority from plaintiff; but defendant offered to prove that she subsequently ratified them. This would have availed nothing, for the contracts themselves were absolutely void, because not joined in by the husband.

Order affirmed.

[1] Berry, J., was absent, and took no part in the decision of this case