SPARKS *v.* MOORE.

Opinion delivered May 6, 1899.

MARRIED WOMEN—POWER TO CONTRACT.—Under the act of March 19, 1895, providing that, from and after the passage of that act, "it shall be lawful for married women to make executory contracts, and to execute letters of attorney containing a power to convey real estate as agents or attorney, which shall have the same force and effect as those made by unmarried persons," the powers of married women to make contracts generally were not enlarged, but only their powers to make executory contracts, including powers of attorney, concerning their separate real estate. (Page 438.)

Appeal from Cross Circuit Court.

FELIX G. TAYLOR, Judge.

*N. W. Norton* and *J. T. Patterson*, for appellant.

The common-law disabilities of married women remain, except in so far as they have been removed by statute. 32 Ark. 776; 39 Ark. 361. Their power to contract *generally* is not enlarged by either the constitution or the "married woman's act." Sand. & H. Dig. chap. 105; 43 Ark. 164. The act of 1895 should be construed to harmonize with the "married woman's act." 23 Ark. 304; 5 Ark. 236. A married woman's contracts must be made in reference to her separate estate or for her personal benefit. 29 Ark. 346. Executory contracts of married women to convey land are not binding. 39 Ark. 357; 53 Ark. 509.

*Grant Green, Jr., Jno. T. Hicks* and *R. A. Dowdy*, for appellees.

The act of 1895 authorizes married women to make executory contracts, as well as to execute letters of attorney.

BUNN, C. J. This is a suit on a note executed to John H. Dye by G. N. Sparks and his wife, P. J. Sparks, for the sum of $262.20, owing by G. N. Sparks to John H. Dye for tuition account of his daughter at Galloway College. The note was assigned to Moore & Lyons by Dye, and they brought this suit before a justice of the peace against both the makers. At the trial G. N. Sparks failed to appear, and judgment was rendered against him, and he is not in the present controversy. His wife, the said P. J. Sparks, entered her appearance in the justice-of-the-peace court, and made defense, pleading her coverture, and that the debt for which the note was given was not her debt nor contracted for her property, but that it was the husband's debt, and that therefore she was not liable. The justice of the peace sustained her contention, and so adjudged, and the plaintiffs appealed to the circuit court, where the court sustained her finding of facts as true, but held that she was liable, and Mrs. Sparks took her appeal to this court.

This issue thus made is to be decided by a proper construction of the act approved March 19, 1895, entitled "An act to define the rights of married women." Before the passage of this act, the power of married women to contract was restricted to matters connected with her separate property, and for the benefit thereof, and in the course of her business as a trader, and she had no power to make executory contracts as to the separate real estate.

The act of March 19, 1895, is short and reads as follows: Section 1. "That, from and after the passage of this act, it shall be lawful for married women to make executory contracts and to execute letters of attorney containing a power to convey real estate as agents or attorneys, which shall have the same force and effect as those made by unmarried persons."

Before the passage of this act, a married woman could not execute a title bond nor make an executory contract to convey her lands. *Stidham* v. *Matthews*, 29 Ark. 650; *Wood* v. *Terry*, 30 Ark. 385; *Chrisman* v. *Partee*, 38 Ark. 31; *Felkner* v. *Tighe*, 39 Ark. 357.

This act does not enlarge her powers, other than to give validity to her executory contracts in cases where before she could only make contracts conveying her separate property.

Where before she could make contracts binding upon herself, but could not make executory contracts, she can now, since the passage of the act quoted, make executory contracts also, and, furthermore, she can make contracts through an agent or attorney duly authorized, as if she were a *femme sole*, wherever she could contract directly before.

The act does not have the effect of further enlarging her powers to make binding contracts than is indicated above, and her common law disabilities to contract generally, except when changed or modified by constitutional or statutory provisions, still remain.

Reversed, and judgment for appellant.

WOOD, J., and RIDDICK, J., did not participate.