589 P.2d 1035

**Raymond C. HANNAH and Vonnie B. Hannah, Plaintiffs-Appellees,**

v.

**Edward A. TENNANT and Josefina V. Tennant, Defendants-Appellants.**

**No. 12170.**

Supreme Court of New Mexico.

Jan. 24, 1979.

Coors, Singer & Broullire, Henry G. Coors, IV, Albuquerque, for plaintiffs-appellees.

Johnson & Lanphere, John M. Kirk, Jr., Albuquerque, for defendants-appellants.

OPINION

FEDERICI, Justice.

Raymond and Vonnie Hannah (appellees) are husband and wife. They brought this action against Edward and Josefina Tennant (appellants) seeking specific performance of an executory contract for the sale of a portion of appellees' community real property.

A handwritten document, apparently considered by appellees to be a contract for the sale of certain real property in Albuquerque, was signed by both appellants, as buyers, and by appellee Vonnie Hannah, alone, as seller. Less than 72 hours after signing this document, appellants sent appellee, Vonnie Hannah a letter in which they stated their intent to withdraw from the proposed real estate purchase. Appellees filed suit in the District Court of Bernalillo County asking for specific performance of the alleged contract. Appellants' answer included a third affirmative defense which is the only subject involved in this appeal. It stated:

> Exhibit "A" [the executory contract] is not a valid and binding contract in the State of New Mexico because of the Plaintiffs [appellees'] failure to comply with the provisions of Section 57–4A–7, N.M.S.A., 1953 Comp.; the Complaint must therefore be dismissed.

There is no indication in the record that a power of attorney from appellee Raymond Hannah to appellee Vonnie Hannah was ever executed or recorded.

Prior to the trial, the court granted appellees' motion to strike appellants' third affirmative defense. Appellants applied for, and this Court granted, an order allowing an interlocutory appeal.

The issue in this case is whether both spouses must *sign* a contract for the sale of community real property in order to meet the requirement of § 40–3–13, N.M.S.A.1978 (formerly § 57–4A–7, N.M.S.A.1953 (Supp. 1975)), that both spouses join in the contract to transfer, or whether the word "join" as used in the statute merely refers to a state of mind.

Section 40–3–13 provides:

> *Transfers, conveyances, mortgages and leases of real property; when joinder required.*
>
> A. Except for purchase-money mortgages and except as otherwise provided in this subsection, *the spouses must join in all* transfers, conveyances or mortgages or *contracts to transfer*, convey or mortgage *any interest in community real*

*property* and separate real property owned by the spouses as cotenants in joint tenancy or tenancy in common. . .

> *Any* transfer, conveyance, mortgage or lease or *contract to transfer*, convey, mortgage or lease *any interest in the community real property* or in separate real property owned by the spouses as cotenants in joint tenancy or tenancy in common, *attempted to be made by either spouse alone in violation of the provisions of this section shall be void and of no effect*, except that either spouse may transfer, convey, mortgage or lease directly to the other without the other joining therein.
>
> .    .    .    . ₀    .
>
> B. *Nothing in this section shall affect the right of one of the spouses to* transfer, convey, mortgage or lease, or *contract to transfer*, convey, mortgage or lease, *any community real property*, or separate real property owned by the spouses as cotenants in joint tenancy or tenancy in common, without the joinder of the other spouse, *pursuant to a validly executed and recorded power of attorney* as provided in Section 47–1–7 NMSA 1978. (Emphasis added.)

Appellants argue that § 40–3–13 requires both spouses to sign a contract to convey community real property absent a validly executed and recorded power of attorney, and that the absence of one spouse's signature renders the contract in question void and of no effect if it is proved that the property in question is appellees' community property. Therefore, appellants argue, it was error for the trial court to strike their third affirmative defense.

Appellees contend that the purpose of § 40–3–13 is to protect one spouse from an act of the other spouse conveying away community real property, and that the statute only requires that a spouse who does not sign be willing and able to join in a contract conveying community real property. Therefore, appellees argue, the trial court did not commit error in striking appellants' third affirmative defense.

We believe that the intention expressed by the language of § 40–3–13 is clear: contracts to transfer an interest in community real property are *void and of no effect unless signed by both husband and wife.*

All of the cases cited by appellees involved § 57–4–3, N.M.S.A.1953, the predecessor of the present statute. That statute only required that both spouses join in the execution of *deeds* and *mortgages* involving community real property. The present statute, § 40–3–13, specifically includes *contracts* to transfer or convey community real property. We hold that under § 40–3–13 a contract for the sale of an interest in community real property, which has not been *signed* by *both* husband and wife, is unenforceable, void and of no effect, absent a validly executed and recorded power of attorney. The words "join in" used in the statute mean "sign." *Marquez v. Marquez,* 85 N.M. 470, 513 P.2d 713 (1973); *McGrail v. Fields,* 53 N.M. 158, 203 P.2d 1000 (1949); *Jenkins v. Huntsinger,* 46 N.M. 168, 125 P.2d 327 (1942). *See also Gregg v. Owens,* 37 Minn. 61, 33 N.W. 216 (1887).

The order of the trial court striking appellants' third affirmative defense is reversed and the cause remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

SOSA, C. J., and PAYNE, J., concur.