Sonny OTERO, Plaintiff-Appellee,

v.

Roger M. BUSLEE and Shirley R. Buslee, Defendants-Appellants.

No. 80–1981.

United States Court of Appeals, Tenth Circuit.

Dec. 13, 1982.

Thomas A. Simons, IV, Santa Fe, N.M., for defendants-appellants.

Karen Aubrey of Kellahin & Kellahin, Santa Fe, N.M., for plaintiff-appellee.

Before McWILLIAMS, BARRETT and McKAY, Circuit Judges.

McKAY, Circuit Judge.

This is an appeal by Roger and Shirley Buslee, defendants, from a judgment entered against them in a diversity action for breach of a contract to buy real estate from the plaintiff, Sonny Otero. We modify the judgment by deducting $1000 for a deposit paid by the Buslees, and affirm on all other issues.

On September 5, 1979, Mrs. Buslee signed three copies of an agreement to buy a four-plex from Mr. Otero, a developer who owned the property in joint tenancy with his wife. Mrs. Buslee signed the agreements in the office of James Wheeler, a real estate broker. Mr. Otero was not present. Mr. Wheeler kept two of the agreements; Mr. Otero signed at least one of the two that day. Mrs. Buslee took the third copy for her husband to sign. Mr. Buslee signed, but only after attaching some modifications. Mr. Otero also signed the third copy, but not the attachment. The parties dispute whether Mr. Otero signed the third copy before or after Mr. Buslee added the modifications. On the day set for closing, Mrs. Buslee backed out, complaining that the financing Mr. Wheeler had obtained provided for a prepayment penalty.

Mr. Otero then brought this diversity action for breach of contract in the district court. The Buslees counterclaimed to recover a $1000 deposit. The court awarded Mr. Otero $23,911.60 and dismissed the Buslees' counterclaim. The Buslees make six arguments on appeal:

(1) The trial court wrongfully granted a protective order preventing the Buslees from deposing Mr. Otero and Mr. Wheeler and the Buslees should therefore be granted a new trial;

(2) The parties did not form a contract;

(3) The contract was void because Mr. Otero did not have a valid power of attorney from his wife as required under New Mexico law to convey the jointly owned property;

(4) The contract contained a liquidated damages clause for $1000, the deposit Mrs. Buslee paid, so that the trial court should have awarded no damages over that amount;

(5) Mr. Otero failed to mitigate his damages;

(6) The trial court incorrectly measured damages.

## I. Depositions

In its initial pretrial order of February 4, 1980, the court imposed a May 1, 1980 deadline for the completion of discovery. Both parties then moved for summary judgment. The Buslees made no effort to depose Mr. Otero or Mr. Wheeler while waiting for a decision on the summary judgment motions since they did not want to conduct unnecessary discovery. On April 16, two and one-half months after the initial pretrial report, the court had not yet ruled on the summary judgment motions. The Buslees moved for an extension of the discovery period, which still had two weeks to go. The court denied the motion on May 6. On May 27, the Buslees notified Mr. Otero's attorney that they would depose Mr. Otero and Mr. Wheeler on June 9. Mr. Otero moved for a protective order, which the court granted on the basis of the discovery period's expiration. The Buslees argue that the trial court erred in granting the protective order, and that they should be granted a new trial.

As this court has recently held, [A] protective order entered by a trial court pursuant to Fed.R.Civ.P. 26(c) should not be overturned on appeal unless there has been an abuse of discretion .... An abuse of discretion occurs only when the trial court bases its decision on an erroneous ruling of law or where there is no rational basis in the evidence for the ruling .... It is the unusual or exceptional case where the reviewing court will vacate a protective order entered by a trial court under Fed.R.Civ.P. 26(c).

*In re Petroleum Products Antitrust Litigation,* 669 F.2d 620, 623 (10th Cir.1982).

The protective order granted in this case was rational and was not based on an erroneous ruling of law. In imposing a discovery deadline in its initial pretrial report and in denying the Buslees' request for an extension of the deadline, the trial court acted consistently with the established rule that "a party may be too late in seeking to take depositions. Either by order in a particular case or by local rule a court may set a date by which all discovery must be completed." 8 Wright and Miller, Federal

**1248**

Practice and Procedure § 2111 (1970) at 402. A court may not impose too rigorous a time limit on discovery. *Transamerica Computer Co. v. International Business Machines Corp.*, 573 F.2d 646 (9th Cir.1978). When it sets a reasonable limit and there are no extenuating circumstances, however, a district court has discretion to enforce the limit by granting a protective order under Rule 26(c)(2) of the Federal Rules of Civil Procedure. *See* 8 Wright and Miller, Federal Practice and Procedure § 2038 (1970). In this case, in which the issues on the merits are not overly complex, the court gave the litigants almost three months to complete discovery. The Buslees unilaterally decided to postpone their depositions of Mr. Otero and Mr. Wheeler, and made no effort to obtain an extension of the discovery period until two weeks before its expiration.[1] They alleged no extenuating circumstances such as discovery of new information or potential unavailability of one of the deponents at trial. This is not the "unusual or exceptional case" that we contemplated in *Petroleum Products.* We find that the district court did not abuse its discretion in imposing a reasonable discovery deadline and enforcing it by granting Mr. Otero's motion for a protective order.[2] Since the protective order was proper, its issuance does not entitle the Buslees to a new trial.

## II. *Contract Formation and Validity*

■ The Buslees assert that no contract was formed. They claim that there was no "meeting of the minds" since Mr. Otero signed the purchase agreement after the addition of, but without approving, the modifications on which Mr. Buslee had conditioned his approval. However, there were at least three purchase agreements, and both Mr. Otero and Mrs. Buslee signed at least one, to which Mr. Buslee's addendum was never attached, on September 5. There was evidence that Mrs. Buslee was authorized to contract for both herself and her husband. Moreover, Mrs. Buslee was apparently ready to close the sale even though she knew that Mr. Otero had not signed the modifications. There was sufficient evidence for the trial court to find that the parties had a "meeting of the minds." We uphold its finding that they formed a contract.

■ The Buslees also argue that the contract is void under N.M.Stat.Ann. § 40–3–13 (1978). Under that section, a contract to sell land held in joint tenancy by a husband and wife is void unless the wife either signs the contract or gives the husband a power of attorney to sell the land. *Hannah v. Tennant*, 92 N.M. 444, 589 P.2d 1035 (1979). The power of attorney must be recorded as if it were a conveyance of the property. N.M.Stat.Ann. § 47–1–7 (1979).

■ A contract's invalidity under section 40–3–13 is an affirmative defense. *See Hannah*, 589 P.2d at 1037. The defendant bears the burden of proving an affirmative defense,[3] *Wendell v. Foley*, 92 N.M. 702, 594 P.2d 750 (Ct.App.1979), *cert. denied*, even if he must assert a negative, *see Kuchan v.*

---

1. The defendants' desire to avoid needless discovery is laudable. However, they filed their motion to extend the discovery period on April 16, two weeks before the deadline. By then, they doubted that the court would decide the summary judgment motions before the end of the discovery period. Brief for Appellant at 31. By not taking the depositions in the ensuing two weeks—which was feasible given the relative lack of complexity of the case—the defendants gambled that the court would grant their extension. To allow them to assume such an extension, and to grant it by overturning the trial court, would render discovery deadlines meaningless and would deprive the trial court of the discretion it needs to ensure fair and orderly discovery.

2. On May 28, the court issued a pretrial order, which stated that "[i]t is defendants' position that the depositions of the plaintiff and James F. Wheeler must still be taken." Record, vol. 1 at 59. In issuing this order, the court did not modify the discovery deadline imposed by the initial pretrial report. It simply recognized that the defendants still disputed the issue.

3. State law governs allocation of the burden of proof in a diversity case. *Palmer v. Hoffman*, 318 U.S. 109, 117, 63 S.Ct. 477, 482, 87 L.Ed. 645 (1943).

*Strong,* 39 N.M. 281, 46 P.2d 55 (1935). At trial, the Buslees did not testify that a search of the relevant land records had failed to produce a properly recorded power of attorney; they offered no evidence suggesting that there was none.[4] We uphold the trial court's finding that the Buslees did not establish this affirmative defense.[5]

### III. *Damages*

#### A. *Liquidated Damages Clause*

The purchase agreement contained the following provision:

$1,000.00

**EARNEST MONEY**

It is understood & Agreed that EARNEST MONEY will be held by James F. Wheeler & Associates until this transaction is concluded. EARNEST MONEY will be refunded if Sellers do not accept this agreement. Buyer will forfeit said EARNEST [sic] if buyer fails to comply with the terms and conditions of this offer or if buyer causes seller to lose money thru [sic] any action or failure on the part of the buyer.

Pl. Exhibit 3. The Buslees argue that this is a liquidated damages clause so that Mr. Otero was entitled to their deposit and nothing more when they breached.

 Under New Mexico law, a clause in a real estate contract providing for a deposit of "earnest money" is presumed not to be a liquidated damages provision absent proof that the parties intended otherwise. *Ashley v. Fearn,* 64 N.M. 51, 323 P.2d 1093 (1958). A court may infer the parties' intent from unambiguous contract language, and may consider other evidence if the contract is not clear. *Id.* The Buslees argue that the word "forfeit" in this clause renders it a liquidated damages provision. We agree with the trial court that the clause is ambiguous. At trial, there was conflicting testimony about the parties' intent, and we find that there is sufficient evidence to uphold the trial court's finding that the parties did not intend the deposit to be liquidated damages.

#### B. *Mitigation*

 The Buslees claim that Mr. Otero failed to mitigate his damages since he turned down an offer to buy the property for $139,000, $3,000 more than his contract price with the Buslees. There was testimony, however, that the later offer fell through because the buyers were leery of the effect of this suit on their title if they bought the land. In addition, Mr. Otero testified that the property had been continuously listed for sale with Mr. Wheeler since the breach. We hold that there was sufficient evidence for the trial court to find that Mr. Otero made reasonable efforts to mitigate his damages.[6]

#### C. *Damage Calculation*

 1. *Lost profits*—The trial court awarded Mr. Otero $5,741.55 for the expected profit he lost when the Buslees breached the contract. The Buslees do not contest the propriety of awarding Mr. Otero his expected profit. *But see Aboud v. Adams,*

---

4. If the Buslees had made a prima facie showing of this affirmative defense, the burden of producing evidence would have shifted to Mr. Otero. *Duke City Lumber Co. v. N.M. Envt. Improvement Bd.,* 95 N.M. 401, 622 P.2d 709 (Ct.App.1980), *cert. denied,* (1981). In view of *Kuchan,* however, we think that to make a prima facie case, the Buslees had to offer some evidence that there was no properly recorded power of attorney. The burden of proving a negative may sometimes be difficult; but when the issue is whether a document was properly recorded, it is reasonable to require the defendant to show that he made some effort to ascertain the document's existence before he disputed it.

5. Since we hold that the Buslees did not satisfy their burden of proof, we need not decide whether this defense was tried by implication under Rule 16 of the Federal Rules of Civil Procedure, in which case the Buslees could assert it even though they did not plead it. Nor need we decide whether the best evidence rule should exclude Mr. Otero's testimony that he *did* have a valid power of attorney.

6. Since we uphold the trial court's finding that Mr. Otero made reasonable efforts to mitigate his damages, we need not address the antecedent question of whether the mitigation issue was tried by implied consent. *See* note 5 ante.

84 N.M. 683, 507 P.2d 430 (1973).[7] They argue only that there was not sufficient evidence to uphold this award. At trial, Mr. Otero's testimony indicated that his profit would have been between $4,376 and $7,000 had there been no breach. We hold that the trial court had sufficient evidence to find that Mr. Otero's lost profit was $5,741.55. Since the Buslees have not argued that it was error to award lost profits, we affirm this component of the damage award.

2. *Interest*—Before the contract, Mr. Otero could have obtained permanent financing of his fourplex at 11.625% interest. Because he thought that the Buslees were going to buy the property, he did not pursue this. After the breach, the best financing he could get was at 11.9%. The trial court awarded him $7,589.35, the difference between the two rates over the 30 year life of the loan. The Buslees argue that this component of the damages was speculative.

Under New Mexico law, contract damages can be challenged as speculative as to their cause, *Jackson v. Goad,* 73 N.M. 19, 385 P.2d 279 (1963), their existence, *Nosker v. Western Farm Bureau Mutual Insurance Co.,* 81 N.M. 300, 466 P.2d 866 (1970), or their amount, *Lyster v. Town of Las Vegas,* 75 N.M. 427, 405 P.2d 665 (1965). The Buslees make no claim that Mr. Otero will not incur an increased interest cost or that their breach did not cause it; they attack the interest component of the damages only for its amount, claiming that it is unreasonable to assume that Mr. Otero will pay the interest for the entire thirty years since he is likely to resell the property and repay the loan before then.

An amount of damages is not speculative when it is subject to reasonable ascertainment. *Bank of New Mexico v. Rice,* 78 N.M. 170, 429 P.2d 368, 375 (1967). Mr. Otero, in testifying that he had incurred a legal obligation to pay 11.9% interest instead of 11.625% on $100,000 over thirty years, introduced evidence from which his alleged damages not only could be reasonably ascertained, but could be calculated with mathematical precision. Thus, the true substance of the Buslees' argument is not that these damages are speculative, but that it is unreasonable to conclude that Mr. Otero will pay his legal obligation according to its terms. We think, however, that Mr. Otero made a prima facie case that he would incur the interest cost by testifying to the terms of the loan. The Buslees introduced no evidence to indicate that Mr. Otero will prepay the loan, and nothing in the record suggests that he will. We are bound by the record. We affirm the interest component of the damages award.

3. *Commission*—The defendants dispute the trial court's award of $5,671.20 to Mr. Otero for a commission he must pay his realtor, Mr. Wheeler, for procuring the Buslees as buyers. They argue that there is insufficient evidence to uphold the trial court's finding that Mr. Otero incurred an obligation to pay Mr. Wheeler.[8]

Under New Mexico law, a seller of real estate owes his broker a commission when the broker procures a "ready, willing, and able" buyer at the terms specified by the seller. *Williams v. Engler,* 46 N.M. 454, 131 P.2d 267, 269 (1942). Whether a buyer meets these criteria is a question of fact.

7. Under *Aboud,* a seller's damages from a buyer's breach of a contract to buy real property are the difference between the contract price and the fair market value of the property at the time of the breach, less payments received by the seller. *Aboud,* 507 P.2d at 436. *Aboud's* rationale appears to contemplate that the seller also be awarded his resale costs, but not his costs of arranging the aborted sale to the breaching buyer. *See* 5 A. Corbin, Corbin on Contracts § 1098A at 535 (1964). *Aboud* might substantially affect the damages in this case. The Buslees have waived its application,

however, by failing to mention the case or assert its rationale at trial, in their briefs, or at oral argument. As an appellate court, we will not reverse on issues not raised by the parties. *Bray v. Director, Office of Workers' Compensation Programs,* 664 F.2d 1045 (5th Cir.1981). *Roberts v. Sawyer,* 252 F.2d 286 (10th Cir. 1958).

8. The Buslees do not argue that the trial court erred in awarding the commission even if Mr. Otero incurred an obligation to pay Mr. Wheeler. *But see supra* n. 7.

*Id.* The broker remains entitled to his commission if the buyer defaults on a contract to buy the land. *Simmons v. Libbey,* 53 N.M. 362, 208 P.2d 1070 (1949). We find that there was sufficient evidence for the trial court to conclude that the Buslees were ready, willing, and able to buy the fourplex when the purchase agreement was signed and that Mr. Otero incurred an obligation to pay Mr. Wheeler $5,671.20. We affirm this component of the damage award.

4. *Deposit*—Both parties admit that Mrs. Buslee paid the $1000 deposit reflected in the purchase agreement. This amount should have been deducted from Mr. Otero's damages. *Aboud v. Adams,* 84 N.M. 683, 507 P.2d 430, 436 (1973). Accordingly, we modify the district court's judgment by subtracting $1000 so that Mr. Otero is awarded $22,911.60.

To summarize, we uphold the trial court's protective order precluding the Buslees from deposing Mr. Otero and Mr. Wheeler. We affirm the court's finding that the Buslees and Mr. Otero formed a valid contract that did not contain a liquidated damages clause. Finally, we modify the judgment to reflect the Buslees' deposit and affirm the trial court's judgment in all other respects.